82 P.3d 445

**Juan GARZA, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 29646.

Supreme Court of Idaho,
Boise, September 2003 Term.

Dec. 4, 2003.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Ralph R. Blount argued.

SCHROEDER, Justice.

This case is before the Court on a petition to review the Court of Appeals decision overruling *Sabin v. State,* 129 Idaho 257, 923 P.2d 502 (Ct.App.1996), which determined the consequences to an applicant for post-conviction relief who fails to respond to a district court's notice of intent to dismiss the application. Juan Garza (Garza) filed an application for post-conviction relief but did not respond to the district court's notice of intent to dismiss the application. The court summarily dismissed some of Garza's claims relating to ineffective assistance of counsel pursuant to the Court of Appeal's decision in *Sabin.* The State requests that this Court vacate the Court of Appeals' decision and adopt the *Sabin* waiver rule.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Garza pled guilty to attempted rape and first degree kidnapping. In exchange the State agreed to dismiss a charge of aggravated assault and not to pursue a persistent violator enhancement. Garza was given a unified sentence of fifteen years with ten years determinate for attempted rape, and a concurrent unified term of life, with fifteen years determinate for first degree kidnapping. No appeal was filed in the criminal action. Garza later filed a pro se application for post-conviction relief.

The district court appointed counsel to represent Garza in the post-conviction proceedings. The court thereafter issued a notice of intent to dismiss the application, giving Garza twenty days to respond to the proposed dismissal. Garza subsequently filed an amended application for post-conviction relief. It alleged that he received ineffective assistance of counsel in the criminal proceedings because: (1) trial counsel failed to object to the amendment of the information from second degree kidnapping to first degree kidnapping, which increased the maximum possible sentence from fifteen years to life; (2) Garza was unable to instruct counsel to file a notice of appeal because counsel would not accept his collect calls; (3) counsel did not give him the opportunity to read a psychosexual evaluation (Evaluation) and social/sexual assessment (Assessment) that were presented to the trial court at sentencing, depriving him of the opportunity to in-

form the court of mistakes and discrepancies in the reports; (4) counsel did not advise him that the State's agreement not to pursue a persistent violator enhancement was valueless because he had only one prior felony conviction and was not subject to such an enhancement; (5) counsel should have obtained a second Evaluation because the first was overly negative; and (6) counsel should have insisted upon the preparation of a presentence investigation report (PSI). The application also alleged that Garza was denied due process in that: (1) a full psychological evaluation was not completed, even though such an evaluation was ordered by the court; and (2) a PSI was not completed, even though preparation of a PSI was ordered by the court.

The district court ordered that an evidentiary hearing be held on Garza's claim that his trial counsel was deficient for failing to object to the amendment of the information from second degree kidnapping to first degree kidnapping, but the district court again gave notice of its intent to dismiss all other claims, giving Garza twenty days to respond to the proposed dismissal. Garza did not file a response to the notice. After an evidentiary hearing, the district court denied Garza's claim that he received ineffective assistance of counsel with respect to the amendment of the kidnapping charge. At the same time, the court summarily dismissed the remaining claims.

Garza appealed and the case was assigned to the Court of Appeals. The Court of Appeals overruled its decision in *Sabin* to the effect that applicants for post-conviction relief who do not respond to a trial court's notice of intent to dismiss thereby waive appellate review of the dismissal order. The Court of Appeals reviewed the merits of Garza's claims in his application for post-conviction relief and affirmed the denial of claims relating to the lack of a PSI but vacated the dismissal order relating to the remainder of the claims asserted in the amended application. The Court of Appeals decision does not preclude the district court from again considering summary dismissal of Garza's remaining claims, providing the district court gives adequate notice of its grounds for dismissal and affords Garza a full opportunity to respond to that notice.

The State filed a petition for review of the Court of Appeals' decision to overrule *Sabin*. The petition for review was granted.

## II.

## AN APPLICANT FOR POST CONVICTION RELIEF WHO FAILS TO RESPOND TO A NOTICE OF INTENT TO DISMISS THE APPLICATION IS NOT PROCEDURALLY BARRED FROM APPEALING THE DISMISSAL

In *Sabin* the Court of Appeals held that the failure of a petitioner seeking post conviction relief to respond to the district court's notice of intent to dismiss issued pursuant to I.C. § 19–4906(b) constitutes a default which precludes an appellate court from reviewing the merits of the claims which were raised in the petition. In this case the Court of Appeals overruled *Sabin* in a 2–1 decision, because in the opinion of the majority "its continued application creates a risk of injustice."

### A. Standard of Review

■ When considering a case on review from the Court of Appeals, this Court does not merely review the correctness of the decision of the Court of Appeals. *Leavitt v. Swain,* 133 Idaho 624, 627, 991 P.2d 349, 352 (1999). This Court acts as though it is hearing the matter on direct appeal from the decision of the trial court. However, this Court does give serious consideration to the decision of the Court of Appeals. *Id.; Sato v. Schossberger,* 117 Idaho 771, 774–75, 792 P.2d 336, 339–40 (1990). When this Court grants a petition to review a Court of Appeals decision, it will ordinarily hear all the issues presented to the Court of Appeals. *Sato,* 117 Idaho at 774, 792 P.2d at 339.

■ At issue is whether Garza is procedurally barred from appealing a dismissal of his petition for post-conviction relief for failing to reply to the district court's notice of intent to dismiss within the 20–day time limit set forth under I.C. § 19–4906(b). The inter-

pretation of a statute is an issue of law over which this Court exercises free review. *Idaho Fair Share v. Idaho Public Utilities Comm'n,* 113 Idaho 959, 961–62, 751 P.2d 107, 109–10 (1988), *overruled on other grounds by J.R. Simplot Co. v. Idaho State Tax Comm'n,* 120 Idaho 849, 820 P.2d 1206 (1991). When interpreting a statute, the primary function of the Court is to determine and give effect to the legislative intent. *George W. Watkins Family v. Messenger,* 118 Idaho 537, 539–40, 797 P.2d 1385, 1387–88 (1990). Such intent should be derived from a reading of the whole act at issue. *Id.* at 539, 797 P.2d at 1387–88. If the statutory language is unambiguous, "the clearly expressed intent of the legislative body must be given effect, and there is no occasion for a court to consider rules of statutory construction." *Payette River Property Owners Ass'n v. Board of Comm'rs of Valley County,* 132 Idaho 551, 557, 976 P.2d 477, 483 (1999). The plain meaning of a statute therefore will prevail unless clearly expressed legislative intent is contrary or unless plain meaning leads to absurd results. *George W. Watkins Family,* 118 Idaho at 540, 797 P.2d at 1388. However, where the statute is ambiguous, the determination of the meaning of a statute and its application is also a matter of law over which this Court exercises free review. *Kelso & Irwin, P.A. v. State Insur. Fund,* 134 Idaho 130, 134, 997 P.2d 591, 595 (2000); *J.R. Simplot Co. v. Western Heritage Ins. Co.,* 132 Idaho 582, 584, 977 P.2d 196, 198 (1999). If it is necessary for this Court to interpret a statute, then this Court will attempt to ascertain legislative intent, and in construing a statute, may examine the language used, the reasonableness of the proposed interpretations, and the policy behind the statute. *Kelso & Irwin, P.A.* at 134, 997 P.2d at 595.

### B. Failure to respond to the 20–day notice does not bar an appeal.

■ Idaho Code § 19–4906(b) is not explicit as to the consequences to an applicant for post-conviction relief who does not respond to the district court's notice of intent to dismiss the application. Section 19–4906(b) states:

When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or, direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if there exists a material issue of fact.

(I.C. § 19–4906(b))

The State asserts that the rule of procedural default adopted by the Court of Appeals in *Sabin* was grounded in the language, purpose and policies underlying I.C. § 19–4906(b) and should be confirmed as the law in Idaho.

Idaho Code § 19–4906(b) was passed by the Idaho House on March 29, 1967, and by the Idaho Senate on March 31, 1967. There is no direction available predating the passage of the law regarding legislative intent. However, House Concurrent Resolution (H.C.R.) No. 18, passed by the Idaho House on March 29, 1967, and by the Idaho Senate on March 31, 1967, directed the legislative council of the State of Idaho to:

[A]ppoint a committee of nine members of the Legislature ... which committee shall, under the direction and control of the legislative council, undertake and complete, insofar as possible, a comprehensive study of the post conviction treatment and handling of defendants in the state, and to report and make specific comprehensive recommendations to the Fortieth Session of the Legislature.

H.C.R. No. 18, 1967 Id. Laws 1566 (a resolution directing the study of the policies, practices and procedures for confinement and rehabilitation of convicted defendants and the granting of parole, including field supervision).

In its *Report to the Idaho Legislature* (hereinafter Report), dated November, 1968, the Committee on Post Conviction stated the following regarding the passage of I.C. § 19–4906:

The 1967 Idaho Legislature adopted the Uniform Post Conviction Procedure Act (Chapter 25 of the Laws of 1967), patterned after model legislation developed by the Committee of State Officials on Suggested State Legislation of the Council of State Governments. The act states that any person who believes he has been unlawfully or unconstitutionally convicted, sentenced, or confined may institute proceedings by filing an application with the clerk of the district court. The application must identify the proceedings in which the applicant was convicted, give the date of the entry of the judgment and sentence complained of, specifically set forth the grounds upon which the application is based, and clearly state the relief desired.... Within thirty days after the docketing of the application, or within any further time the court may fix, the state is required to respond by answer or motion. If the court is satisfied that the applicant is not entitled to post conviction relief, it may inform the parties involved of its intention to dismiss the application and its reasons for so doing. The applicant is then given 20 days to reply to and the *court may allow the filing of an amended application.* If the court finds in favor of the applicant, it shall enter an order with respect to the conviction or sentence in the former preceedings ... *Either the state or the applicant may within 60 days of the date of the judgment, appeal to the supreme court a final judgment entered under the act.*

(Report p. 9.) (emphasis added).

This report was made following the passage of the statute, and such legislative commentary is generally not viewed as strongly as legislative history written during the time preceding the passage of the statute, but the report does give an insight as to the meaning of I.C. § 19–4906 by a committee of legislators who were members of the legislature that passed the law. From this perspective it provides a view as to the legislature's intended meaning behind the statute.

It appears that these legislators viewed the 20–day reply period as an opportunity to submit an amended application, not as a requirement to receiving a ruling on the merits of an application. Furthermore, the Committee on Post Conviction stated that upon entering a final judgment under the act, either party may appeal the judgment to the Supreme Court. Nowhere in the Report does it state that only petitioners who reply to the notice of intent to dismiss may appeal. Thus, the State's assertion that a party entering a reply occupies a different procedural position than a party that does not is neither apparent from the language of the statute nor is it reconcilable with the available legislative history. A dismissal under I.C. § 19–4906(b), whether the petitioner responds to a notice of intent to dismiss or not, is a determination on the merits of the claims and is subject to appellate review. The loss to a petitioner who does not respond to the 20–day notice of intent to dismiss is that he or she loses the opportunity to cure a defect in an application before the district court which might have resulted in a favorable ruling from the district court or presented an adequate record for a valid appeal. The failure to respond does not foreclose appealing the dismissal. The ruling in *Sabin* was incorrect. The Court of Appeals decision in this case recognized the error in *Sabin.* Consequently, it is necessary to address the adequacy of Garza's application to determine if he asserted claims that would entitle him to post-conviction relief if proved.

### III.

### THE DISMISSAL OF CLAIMS NOT ADDRESSED BY THE DISTRICT COURT IS VACATED

A notice of intent to dismiss must state the reasons for dismissal in order to provide an applicant with meaningful opportunity to provide further legal authority or evidence that may demonstrate the existence of a genuine factual issue. Garza claimed that: (1) trial counsel refused to accept collect calls, (2) counsel failed to advise properly

on the persistent violator enhancement, (3) counsel failed to obtain a second psychosexual evaluation because the first was overly negative, and (4) Garza was denied due process because a full psychological evaluation was ordered but not completed. The district court did not give the rationale for dismissing the claims. The notice was insufficient and the dismissal on these grounds is vacated.

## IV.

## THE DISMISSAL OF GARZA'S CLAIM THAT HIS DUE PROCESS RIGHTS WERE VIOLATED BECAUSE A PSI WAS NOT COMPLETED WAS PROPER

■ The district court determined that Garza waived the preparation of a presentence report. This determination was well supported in the record. Garza refused to see a presentence investigator and thereby waived the preparation of the document. He chose to proceed without a PSI, and he has presented no documents or arguments to refute the district court's conclusion that the PSI was waived. The district court gave ample rationale and information upon which Garza could have responded to the notice to dismiss. Dismissal of the claim is affirmed.

## V.

## THE DISTRICT COURT'S DETERMINATION THAT A WAIVER OF A PSI ALSO CONSISTS OF A WAIVER OF THE RIGHT TO MAKE ANY CORRECTIONS TO EITHER THE EVALUATION OR THE ASSESSMENT IS VACATED

■ The district court stated in the notice of intent to dismiss that by waiving a PSI, Garza also waived the opportunity to make any corrections to the psychosexual and social assessment reports. There is no basis shown in the record for this conclusion. Although no PSI was prepared, it appears that both the Evaluation and the Assessment were used by the district court in determining the sentence, neither of which was reviewed by Garza. The summary dismissal of these claims is vacated.

## VI.

## CONCLUSION

Garza has the right to appeal the dismissal entered by the district court. Insufficient notice of intent to dismiss was given to Garza for (1) trial counsel's refusal to accept collect calls, (2) counsel's failure to advise properly on the persistent violator enhancement, (3) counsel's failure to obtain a second psychosexual evaluation because the first was overly negative, and (4) that Garza was denied due process because a full psychological evaluation was ordered but not completed. Regarding the waiver of the PSI, sufficient notice was given to Garza. The dismissal on this ground is affirmed. The waiver of a PSI does not waive the opportunity to read and correct other reports (in this case the Evaluation and the Assessment) upon which the sentencing court relies.

The case is remanded to the district court for further proceedings consistent with this opinion which may include a notice from the district court of the bases for an intent to dismiss all or part of the application.

Justices KIDWELL and EISMANN and BURDICK and Pro Tem Justice WALTERS concur.