139 P.3d 753

STATE of Idaho, Plaintiff–Appellant,

v.

James D. PRUETT, Defendant–Respondent.

No. 31530.

Court of Appeals of Idaho.

April 6, 2006.

Review Denied July 10, 2006.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Arkoosh Law Offices, Chtd., Gooding, for respondent. Jay J. Kiiha argued.

LANSING, Judge.

In this case, the State appeals a district court order dismissing charges of misuse of public money, a violation of Idaho Code § 18–5701, that had been filed against James D. Pruett, a police officer. Because we agree with the district court's determination that a police officer is not within the class of persons who are subject to the provisions of I.C. § 18–5701, we affirm.

## I.

### FACTUAL & PROCEDURAL BACKGROUND

In May 2003, Pruett, then an officer in the Hagerman Police Department, and Joseph Garner, the police chief, made an Internet purchase totaling $90.84 for three Idaho Department of Fish and Game controlled hunt applications. They used a Hagerman city credit card that had been issued to Garner to make this personal purchase. According to the preliminary hearing testimony, Garner gave Pruett the card with instructions to complete the online transaction, although there is dispute about whether they knowingly used the city card or intended to use Garner's personal credit card. When the city clerk received the credit card statement, she notified the mayor of the unauthorized transaction. The mayor then confronted Garner, who wrote a personal check to cover the full amount of the charge, and this check was deposited in the city's bank account the day before the city paid the credit card bill.

The State thereafter filed a criminal complaint against Pruett,[1] charging him with one count of misuse of public money by officers, I.C. § 18–5701, and one count of conspiracy to misuse public money by officers, I.C. §§ 18–1701 and 18–5701. Pruett filed a motion to dismiss, which the district court granted, holding that police officers are not among the class of persons that can be charged under I.C. § 18–5701, and that a city credit card is not "public money" as that term is used in the statute. The State now appeals.

## II.

### DISCUSSION

This appeal presents questions as to the meaning and scope of I.C. § 18–5701, which states:

Each officer of this state, or of any county, city, town or district of this state, and every other person charged with the receipt, safe keeping, transfer or disbursement of public moneys, who either:

1. Without authority of law, appropriates the same or any portion thereof to his own use, or to the use of another; or,

2. Loans the same or any portion thereof; or, having the possession or control of any public money, makes a profit out of, or uses the same for any purpose not authorized by law; or,

---

1. Garner was also charged. The State dismissed the case against him after the court dismissed the case against Pruett.

3. Fails to keep the same in his possession until disbursed or paid out by authority of law; or,

4. Deposits the same or any portion thereof in any bank, or with any Banker or other person, otherwise than on special deposit, or as otherwise authorized by law; or,

5. Changes or converts any portion thereof from coin into currency, or from currency into coin or other currency, without authority of law; or,

6. Knowingly keeps any false account, or makes any false entry or erasure in any account of or relating to the same; or,

7. Fraudulently alters, falsifies, conceals, destroys or obliterates any such account; or,

8. Wilfully refuses or omits to pay over, on demand, any public moneys in his hands, upon the presentation of a draft, order or warrant drawn upon such moneys by competent authority; or,

9. Wilfully omits to transfer the same when such transfer is required by law; or,

10. Wilfully omits or refuses to pay over to any officer or person authorized by law to receive the same, any money received by him under any duty imposed by law so to pay over the same;

Is punishable by imprisonment in the state prison for not less than one (1) nor more than ten (10) years, and is disqualified from holding any office in this state.

The dispositive question here is whether a police officer is within the class of persons who are subject to the restrictions of this statute, i.e., whether police officers, including a police chief,[2] are persons "charged with the receipt, safe keeping, transfer or disbursement of public moneys." The statute was adopted in territorial days, Idaho Terr. Laws, Cr. & Punish. 1864 § 70, and was last amended in 1887, Rev. Statutes § 6975. We

are thus called upon to interpret a statute that was adopted at a time when systems of financial management of governmental entities and methods of financial transactions were very different from those that are now customary.

The interpretation of a statute is an issue of law over which this Court exercises free review. *State v. Parker*, 141 Idaho 775, 777, 118 P.3d 107, 109 (2005); *State v. Yager*, 139 Idaho 680, 689, 85 P.3d 656, 665 (2004). If the statutory language is unambiguous, the plainly expressed intent of the legislative body must be given effect, and there is no occasion for a court to consider rules of statutory construction. *Garza v. State*, 139 Idaho 533, 536, 82 P.3d 445, 448 (2003); *Payette River Prop. Owners Ass'n v. Bd. of Comm'rs of Valley County*, 132 Idaho 551, 557, 976 P.2d 477, 483 (1999). The plain meaning of a statute therefore will prevail unless clearly expressed legislative intent is contrary or unless plain meaning leads to absurd results. *Garza*, 139 Idaho at 536, 82 P.3d at 448. Where the statute is ambiguous, we attempt to ascertain legislative intent, and in construing the statute we may examine the language used, the reasonableness of the proposed interpretations, and the policy behind the statute. *Garza*, 139 Idaho at 536, 82 P.3d at 448; *Kelso & Irwin, P.A. v. State Ins. Fund*, 134 Idaho 130, 134, 997 P.2d 591, 595 (2000). If there is ambiguity contained in the elements of a criminal statute, we must construe it in favor of the defendant. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999).

From the plain language of the statute it is apparent that mere employment by a governmental entity is not sufficient to bring an individual under the purview of section 18–5701; rather, the statute governs only persons "charged with the receipt, safe keeping, transfer or disbursement of public moneys" by virtue of his or her official position. This limitation on the scope of the statute was addressed by the Idaho Supreme Court in *In re Huston*, 27 Idaho 231, 147 P. 1064 (1915). In *Huston* the state auditor was directed by the State Board of Examiners to

---

**2.** Although this appeal does not involve the separate case against Garner, his status is relevant here because Pruett is charged with conspiring with Garner to misuse public money.

pay a claim that had been submitted for services rendered to a department of the state. In making payment, the auditor drew the state warrant on the wrong account. For this mistake, the auditor was indicted under the statute here at issue.[3] In holding that the auditor was not within the class of persons at whom the statute was aimed, the Court noted the absence of any statutory or constitutional provision charging the auditor with custody or control of public funds. The Court said:

> The ... definitions of the words, "receipt," "safekeeping," "transfer" and "disbursement" of public moneys are all inconsistent with any idea except that the person transferring or disbursing has the actual corporeal possession, control or custody of the thing sought to be transferred or disbursed. The state auditor, in his official capacity, is not the custodian of public moneys within the meaning of [the statute]. He is not authorized to receive public moneys or to safely keep, transfer, or disburse the same. In order to warrant his conviction under [the statute], it must be found that he is charged, or in some manner entrusted by law, with the receipt, safekeeping, transfer, or disbursement of public moneys.
>
> . . . .
>
> ... Under the Constitution and laws of this state certain officers are required to charge, collect and account for fees received for services performed in an official capacity, while other officers, performing like services, are not required to so charge, collect, or account for such fees.

*Huston*, 27 Idaho at 239–40, 147 P. at 1066. The Court held that the statute did not apply to the state auditor because he did not hold a position that was charged by law with custody or control of public moneys:

> [The statute] was aimed at the crime of embezzlement and against a particular class of persons who fraudulently appropriate to their own use, or to the use of others, not in the due and lawful execution of their trust, any property which comes into their possession or under their control by virtue of the official position which they

hold, or in violation of a trust. Under the law of this state, a state auditor does not come within the class of persons against whom said section is aimed, *for the reason that he is not charged under the statute, with the receipt, safekeeping, or disbursement of public moneys. He is but one of several whose combined acts are absolutely necessary to ultimately bring about the disbursement of public moneys.*

*Id.* at 239, 147 P. at 1066 (emphasis added).

The Court illustrated the limited scope of section 18–5701 by suggesting that the statute could apply to a county treasurer who converts public money in his custody, but could not be extended to embrace his deputy because the deputy, who is "not charged by law to collect, and who has no right to the public money, cannot be convicted of embezzling money received under color of his office." *Id.* at 243, 147 P. at 1067 (quoting *Sherrick v. State*, 167 Ind. 345, 79 N.E. 193 (1906)). The Court also noted the distinction between probate judges, who were then required to charge and account for fees received for performing marriage ceremonies, and other judges who were not similarly charged by law with the receipt, safe keeping or accounting of such fees. *Id.* at 240, 147 P. 1064, 147 P. at 1066.

The *Huston* decision firmly holds that I.C. § 18–5701 does not apply to government employees possessing only some incidental *ability* to authorize transactions or direct the expenditure of state money. Rather it is aimed at those entrusted *by law* with public funds by virtue of their position. Although this may be a narrow interpretation of the statute, the *Huston* decision has not been overruled nor its holding questioned in any subsequent decision of the Idaho Supreme Court, and we therefore adhere to it.

Applying *Huston's* strict construction of the statute in the present case, it is apparent that neither Pruett, as a police officer, nor the police chief with whom he is charged with conspiring, come within the purview of I.C. § 18–5701. We have not been directed to, nor have we found, any constitutional provision or statute charging such peace officers

---

3. The statute was at that time codified as Rev. Codes § 6975.

with the collection, safe keeping, or disbursement of public moneys. Idaho Code § 50–209 delineates the powers of policemen as follows:

> The policemen of every city, should any be appointed, shall have power to arrest all offenders against the law of the state, or of the city, by day or by night, in the same manner as the sheriff or constable. Whenever such policemen shall be in fresh pursuit of any offender against any law of the state, including traffic infractions, or of the city and the offense has been committed within the corporate limits of such city, such policemen, while in such fresh pursuit may go beyond the corporate or geographical limits of such city subject to the provisions of chapter 7, title 19, Idaho Code, for the purpose of making such arrest or citation.

Idaho Code § 19–5101(d), which defines "peace officer" for purposes of application of training requirements for peace officers, provides:

> "Peace officer" means any employee of a police or law enforcement agency which is a part of or administered by the state or any political subdivision thereof and whose duties include and primarily consist of the prevention and detection of crime and the enforcement of penal, traffic or highway laws of this state or any political subdivision.

These statutorily defined duties and powers do not include the receipt, safe keeping, transfer or disbursement of public moneys. Indeed, a police officer certainly has less responsibility involving the public coffers than the state auditor who was prosecuted in *Huston*. Even if police officers were charged by law with responsibility to collect some form of fines or fees, it would not salvage the charges against Pruett, for he is not alleged to have misappropriated such moneys. Rather, he is charged with using a city credit card to create an unauthorized indebtedness for the city.[4]

If I.C. § 18–5701, drafted in the nineteenth century, does not adequately address the modes of misuse of public resources that government employees might commit in today's financial and technological environment, corrective measures are within the purview of the legislature. It is not within our authority to add provisions to a statute that the legislature did not place there. *See State v. Schwartz*, 139 Idaho 360, 362, 79 P.3d 719, 721 (2003) (If a statute as written is socially or otherwise unsound, the power to correct it is legislative, not judicial.). Indeed, the Idaho Legislature has very recently amended I.C. § 18–5701 to expand its scope. 2006 Idaho Sess. Laws, ch. 156 (S.B. 1303).

Because the State has not shown that Pruett or his alleged co-conspirator were persons charged with the receipt, safe keeping, transfer or disbursement of public moneys sufficient to put them under the purview of I.C. § 18–5701, we affirm the order of the district court dismissing the charges against Pruett.

Chief Judge PERRY and Judge GUTIERREZ concur.

---

4. This is not to say, of course, that Pruett could not be charged with any offense. Unauthorized use of a credit card for personal gain, as alleged here, likely could be prosecuted as theft under I.C. § 18–2403.