149 P.3d 819

**David KIRKLAND, Plaintiff–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 32714.**

Supreme Court of Idaho,
Coeur d'Alene, August 2006.

Oct. 31, 2006.

Rehearing Denied Jan. 22, 2007.

er it erred in denying a motion to reconsider dismissal of the petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant, David Kirkland, was convicted of aggravated battery in December 1999. The Idaho Court of Appeals affirmed that judgment in January 2001. Kirkland filed a Motion to Proceed in Forma Pauperis, a Motion for Appointment of Counsel, and a Petition for Post Conviction Relief (Petition) on September 27, 2002. The Motion to Proceed in Forma Pauperis and Motion for Appointment of Counsel were notarized on September 20, 2001. It is not known why these documents were not filed by the district court clerk until 2002. The Petition was notarized on September 25, 2002.

The district court found the Petition was not timely filed pursuant to I.C. § 19–4902 because the time Kirkland had to file a petition for post-conviction relief expired February 1, 2002 and hence gave notice of its intent to dismiss. Kirkland submitted a letter to the district judge in response to the Order of Conditional Dismissal stating that "*ALL* completed documents for the application for post conviction relief" were mailed on September 20, 2001. The State made no response to the Petition or to the district court's Conditional Order of Dismissal. Kirkland's Petition was then dismissed on April 29, 2003.

Kirkland filed a motion to reconsider the dismissal of his Petition based on Rule 60(b)(2) (newly discovered evidence) and Rule 60(b)(6) (any other reason justifying relief). The district court found no good cause to reconsider the dismissal and denied the motion to reconsider. Kirkland appealed the district court's dismissal of his Petition and the district court's denial of his motion to reconsider. The Idaho Court of Appeals affirmed the district court. We granted his petition for review.

## II. ANALYSIS

This Court must decide three issues: whether I.C. § 19–4906(b) allows a court to sua sponte dismiss a petition for post-convic-

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.

BURDICK, Justice.

This case asks the Court to determine whether I.C. § 19–4906(b) authorizes a court to sua sponte dismiss a petition for post-conviction relief based on untimeliness. This case also asks the Court to determine whether the district court erred in dismissing a petition for post-conviction relief and wheth-

tion relief based on untimeliness, whether the district court erred in dismissing Kirkland's Petition and whether the district court erred in denying Kirkland's motion to reconsider.

## A. May a court sua sponte dismiss a petition based on untimeliness?

■ Kirkland argues that the district court may not sua sponte dismiss a petition for post-conviction relief based on untimeliness. Idaho Code § 19–4902 provides that "[a]n application may be filed at any time within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." The statute of limitations for petitions for post-conviction relief is not jurisdictional. *Cole v. State*, 135 Idaho 107, 110, 15 P.3d 820, 823 (2000). It "is an affirmative defense that may be waived if it is not pleaded by the defendant." *Id.* (citation omitted).

■ However, the State's response is not at issue. The issue is whether the district court has authority to dismiss a petition under I.C. § 19–4906(b). We exercise free review over interpretation of a statute. *Garza v. State*, 139 Idaho 533, 535–536, 82 P.3d 445, 447–448, (2003). The plain meaning of a statute will prevail absent clearly expressed legislative intent to the contrary or unless the plain meaning leads to absurd results. Id. at 536, 82 P.3d at 448. Idaho Code § 19–4906(b) allows a court to dismiss an application even absent a motion to dismiss made by a party. The statute provides that:

> When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. . . . In light of the reply, or on default thereof, the court may order the application dismissed. . . . Disposition on the pleadings and record is not proper if there exists a material issue of fact.

I.C. § 19–4906(b).

■ The plain meaning of the statute gives a court authority to dismiss a petition whenever it is satisfied that the applicant is not entitled to post-conviction relief. Therefore, a court can dismiss a petition on its own initiative based on untimeliness if there is no material issue of fact.

## B. Was there a material issue of fact that prohibited dismissal of Kirkland's Petition?

■ Since a court may only dismiss a petition when there is no issue of material fact, I.C. § 19–4906(b), we need to determine whether the documents in the record create a genuine issue of material fact as to the timeliness of Kirkland's Petition. Pursuant to I.C. § 19–4902, Kirkland needed to submit his petition for post-conviction relief by February 1, 2002. Kirkland argues that he met that date and the letter he submitted to the district court, as well as supporting documents, create a genuine issue of material fact as to whether the Petition was timely submitted.

In this instance, a factual issue was raised as to whether the Petition was timely and a hearing should have been held on this issue. While the court does not have to accept the conclusory allegations of the applicant, in this case Kirkland did have evidence supporting his assertion that the petition and supporting documents were timely filed. According to the district court and the Court of Appeals, the only way Kirkland could sustain his burden was to actually produce the allegedly lost paper document that was a petition with a notary and signature dated in September of 2001; such is not the law in Idaho.

The district court had allegedly misplaced Kirkland's Motion to Proceed in Forma Pauperis, Motion for Appointment of Counsel and the actual Petition for Post–Conviction Relief. In response to the district court's notice of intent to dismiss, Kirkland submitted a letter to the district court stating that "*ALL* completed documents for the application for post conviction relief" had been timely filed. Additionally, the letter states that the district court clerk told Kirkland that he need to file "another brief." Kirkland also submitted a mail log showing that he had mailed documents to the district court clerk on September 20, 2001. All of this evidence

supports Kirkland's assertion that the Petition was one of the documents he originally filed and creates a genuine issue of material fact as to whether Kirkland's Petition was timely filed. Therefore, the district court erred in dismissing Kirkland's Petition, and we remand to the district court so that it may hold a hearing on the issue of timeliness.

## C. Did the district court err in denying Kirkland's motion to reconsider?

█ The district court denied Kirkland's Rule 60(b) motion to reconsider dismissal of the Petition. The decision to deny or grant relief pursuant to a Rule 60(b) motion is reviewed on appeal under the abuse of discretion standard. *Win of Michigan, Inc. v. Yreka United, Inc.,* 137 Idaho 747, 753, 53 P.3d 330, 336 (2002). Since we remand this case based on the dismissal of Kirkland's Petition, there is no reason to reach the issue of whether the district court erred in denying Kirkland's motion to reconsider.[1]

## III. CONCLUSION

We hold that I.C. § 19–4906(b) allows a district court on its own initiative to dismiss a petition based on untimeliness. We also hold that the district court erred in dismissing Kirkland's petition under I.C. § 19–4906(b) because there was an issue of material fact as to the timeliness of the petition. We remand to the district court to hold a hearing on the issue of timeliness.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and JONES concur.

---

1. Hence, the alleged newly discovered evidence does not factor into the analysis of the material fact issue discussed above. The alleged newly discovered evidence was a mail log stating: "09/20/2001: Did notary of post conviction, made copies and did mailing. Mailed letter with both copies to the court. Put a note on the back telling them to forward a copy to the prosecutor."