# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 36802

| | | |
|---|---|---|
| SHAUN ELMO HYER, | ) | 2010 Unpublished Opinion No. 689 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: October 29, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael E. Wetherell, District Judge.

Order summarily dismissing application for post-conviction relief, affirmed in part, reversed in part, and case remanded; order denying motion for reconsideration, affirmed.

Greg S. Silvey, Kuna, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Shaun Elmo Hyer appeals from the district court's order summarily dismissing his petition for post-conviction relief and order denying his motion for reconsideration.  For the reasons stated below, we affirm in part, reverse in part, and remand for further proceedings.

## I.

## BACKGROUND

In the underlying criminal case, Hyer pled guilty to one count of lewd conduct with a minor under sixteen pursuant to a plea agreement.  I.C. § 18-1508.  Hyer entered the agreement in exchange for the state dismissing three counts of possession of sexually exploitative material.  The district court imposed a unified twenty-year sentence, with six years determinate.  Hyer challenged the sentence through an Idaho Criminal Rule 35 motion arguing that he "received two addenda to his presentence investigation report (PSI), which he was unaware of at the time his sentence was imposed."  The district court granted a hearing on the Rule 35 motion and

1

subsequently entered a written order affirming the original sentence. Hyer appealed and this Court vacated his judgment of conviction and remanded the case to the district court for resentencing at a proceeding in which Hyer was in attendance. Following remand, the district court re-entered judgment.

More than four years after the re-entered judgment of conviction, Hyer filed a pro se petition for post-conviction relief alleging: (1) ineffective assistance of counsel; (2) violation of his Fifth Amendment privilege against self-incrimination; and (3) denial of "fundamental fairness embedded in the Fourteenth Amendment due process clause." In addition, Hyer filed a motion for appointment of counsel. The district court granted Hyer's request for counsel, and also issued a notice of intent to dismiss all claims except for one claim of ineffective assistance of counsel. The district court subsequently entered an order summarily dismissing Hyer's petition after receiving no response from Hyer. Hyer then filed a motion for reconsideration through counsel pursuant to Idaho Rule of Civil Procedure 60(b). Hyer's post-conviction counsel submitted an affidavit in support of the motion in which he stated that he and Hyer were in disagreement over which claims should be pursued. Hyer's counsel acknowledged that he had not complied with the district court's notice, but asked the court to find good cause or excusable neglect for his noncompliance. The district court determined that the disagreement between Hyer and his counsel did not justify the failure to file a timely response and denied the motion to reconsider. Hyer appeals from both the summary dismissal of his petition for post-conviction relief as well as the denial of the motion for reconsideration.

## II.

## STANDARD OF REVIEW

An application for post-conviction relief initiates a proceeding that is civil in nature. *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). As with a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). An application for post-conviction relief differs from a complaint in an ordinary civil action. An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the

applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Summary dismissal is permissible only if the applicant's evidence has failed to raise a genuine issue of material fact which, if resolved in the applicant's favor, would entitle him to relief. I.C. § 19-4906(b)-(c); *Gonzales v. State*, 120 Idaho 759, 761, 819 P.2d 1159, 1161 (Ct. App. 1991). If such a factual issue is raised, an evidentiary hearing must be held. *Id.* at 763, 819 P.2d at 1163; *Ramirez v. State*, 113 Idaho 87, 88, 741 P.2d 374, 375 (Ct. App. 1987). However, because the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary disposition is permissible, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible to resolve the conflict between those inferences. *State v. Yakovac*, 145 Idaho 437, 444, 180 P.3d 476, 483 (2008). That is, the judge in a post-conviction action is not constrained to draw inferences in favor of the party opposing the motion for summary disposition but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Id.*; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008).

Our review of the district court's construction and application of the limitation statute is a matter of free review. *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App. 1992). The statute of limitation for post-conviction actions provides that an application for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal or from the determination of appeal or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Freeman*, 122 Idaho at 628, 836 P.2d at 1089. The failure to file a timely application is a basis for dismissal of the application. *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003).

### III.

### DISCUSSION

#### A. Post-Conviction Petition

Hyer asserts that it was error for the district court to dismiss his claim of ineffective assistance of counsel for his counsel's failure to file a requested notice of appeal because the notice of intent to dismiss found it to be adequately pled and stated that it would not be

3

dismissed, and therefore no response was required. Furthermore, he asserts that it was error for the district court to dismiss his claim of violation of his Fifth Amendment right against self-incrimination made pursuant to *State v. Estrada*, 143 Idaho 558, 149 P.3d 833 (2006), because the district court misinterpreted that case. The state counters that Hyer has failed to establish error in the district court's summary dismissal of his petition because the petition was untimely.

### 1. Insufficient notice

Hyer argues that he received insufficient notice of the district court's intent to dismiss his claim alleging his trial counsel was ineffective for failing to file an appeal after Hyer requested him to. Idaho Code § 19-4906 provides, in pertinent part:

> (b)  When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal. . . .

A district court cannot "dismiss a claim on a ground not asserted by the State in its motion unless the court gives the twenty-day notice required by Section 19-4906(b)." *DeRushé v. State*, 146 Idaho 599, 602, 200 P.3d 1148, 1151 (2009). The notice procedure is necessary so that the applicant is afforded an opportunity to respond and to establish a material issue of fact if one exists. *Flores v. State*, 128 Idaho 476, 478, 915 P.2d 38, 40 (Ct. App. 1996). If a district court dismisses on grounds not contained in the state's motion, the applicant does not have the opportunity to respond and attempt to establish a material issue of fact. *Garza v. State*, 139 Idaho 533, 537, 82 P.3d 445, 449 (2003).

In its notice of intent to dismiss, the district court stated:

> In support of his ineffective assistance claim, Petitioner alleges his counsel failed to file an appeal after his most recent sentencing. The record supports Petitioner's claim that no notice was filed. In addition, Petitioner makes the proper initial allegation to support this claim, that he requested his counsel file the appeal, but his counsel refused. *See Mata v. State*, 124 Idaho 588, 592, 861 P.2d 1253, 1257 (Ct. App. 1993). In such a circumstance Petitioner need not show prejudice, as the loss of one's right to appeal "is prejudice *per se*." *State v. Beasley*, 126 Idaho 356, 359-60, 883 P.2d 714, 717-18 (Ct. App. 1994). Accordingly, this allegation and claim will not be dismissed.

The district court subsequently entered an order summarily dismissing Hyer's petition after receiving no response from Hyer. Clearly, the district court erred in dismissing Hyer's

4

claim that trial counsel was ineffective for failing to file a notice of appeal upon request to do so. The notice of intent provided no grounds for dismissing this claim. To the contrary, it specifically gave notice that this claim would not be dismissed. Accordingly, we remand this claim back to the district court for further proceedings.

### 2. Ineffective assistance of counsel

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long-adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994). Claims of ineffective assistance of appellate counsel are subject to the standards set forth in *Strickland*. *Mintun v. State*, 144 Idaho 656, 661, 168 P.3d 40, 45 (Ct. App. 2007).

#### a. *Estrada* claim

Hyer argues that the district court erred in dismissing his *Estrada* claim when it misinterpreted *Estrada* by including an additional requirement for relief that was not in that case. The district court addressed this claim in its notice of intent to dismiss stating in relevant part:

> . . . Petitioner complains only that he was not warned of his rights . . . . Because none of the other elements of this claim have been shown, and Petitioner has not supported his assertions with admissible evidence and portions of the record, the Court will dismiss this claim.

Hyer failed to allege a prima facie *Estrada* violation that would entitle him to an evidentiary hearing. Although Hyer alleged in his petition and affidavit that counsel had failed to advise him regarding his right not to participate in the psychosexual evaluation (PSE), he

5

never alleged that had his counsel advised him of this right, he would have refused to undergo the evaluation. In addition, Hyer failed to set forth any relevant evidence from the record such as the PSE and the sentencing hearing transcript to support his allegations that he was prejudiced by his attorney's deficient performance, nor did he explain why they were not attached to his petition. *See Esquivel v. State*, 149 Idaho 255, 258, 233 P.3d 186, 189 (Ct. App. 2010) (holding that access to the PSE is essential for the reviewing court to be able to determine if the defendant was prejudiced by the attorney's deficient performance). Accordingly, the district court did not err in concluding that Hyer was not entitled to an evidentiary hearing on his *Estrada* claim.

## B.      Motion for Reconsideration

Hyer asserts that the district court erred in denying his I.R.C.P. 60(b) motion to reconsider. The decision to deny or grant relief pursuant to a Rule 60(b) motion is reviewed on appeal under the abuse of discretion standard. *Kirkland v. State*, 143 Idaho 544, 547, 149 P.3d 819, 822 (2006). In support of the motion to reconsider, Hyer's post-conviction counsel filed an affidavit explaining that he had failed to comply with the court's notice of intent to dismiss because he could not reach an agreement with Hyer as to what claims to pursue.

Rule 60(b)(1) states that a court may relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." The decision whether to grant relief under Rule 60(b) is committed to the discretion of the district court. When exercising its discretion, the district court must examine whether "the litigant engaged in conduct which, although constituting neglect, was nevertheless excusable because a reasonably prudent person might have done the same thing under the circumstances." *Washington Fed. Savings & Loan Ass'n v. Transamerica Premier Ins. Co.*, 124 Idaho 913, 915, 865 P.2d 1004, 1006 (Ct. App. 1993) (holding that overlooking a notice of service because of a mistaken belief that there was thirty days to respond instead of twenty was not inadvertence or excusable neglect); *see also Gro-Mor Inc. v. Butts*, 109 Idaho 1020, 1023, 712 P.2d 721, 724 (Ct. App. 1985) (holding that being unaware of the twenty-day answering time in Idaho constituted abject neglect but not excusable neglect because no reasonably prudent person under those circumstances would have stood idly by as did the defendant). Merely attaching labels such as inadvertence and neglect to one's actions does not automatically make those actions excusable. *Washington Fed. Savings & Loan Ass'n*, 124 Idaho at 915-16, 865 P.2d at 1006-07.

Hyer argues that the disagreement with his post-conviction counsel about what issues should be pursued "seems to fall neatly under the inadvertence and/or excusable neglect grounds

for relief in I.R.C.P. 60(b)(1)." Hyer argues that his counsel's failure to comply with the district court's notice of intent to dismiss was inadvertent because there was no evidence that counsel was intentionally attempting to have the petition dismissed. He further argues that the neglect is excusable because the affidavit shows that appointed counsel was attempting to resolve the problem, as opposed to doing nothing and having the time expire. The district court determined that Hyer's failure to comply with the court's notice of intent to dismiss due to his inability to agree with his counsel regarding what claims were viable in post-conviction did not constitute good cause or excusable neglect. We agree. Even though Hyer's counsel was not intentionally attempting to have the petition dismissed, it does not automatically follow that he was acting inadvertently or that it amounted to excusable neglect because as an attorney he knew or should have known of the time requirements. Disagreements between client and counsel are a very common occurrence, and hardly constitute an excusable reason for failure to either comply with procedural deadlines or move for an extension of time, neither of which was done here. Therefore, Hyer has failed to establish that the district court abused its discretion in denying his motion to reconsider.

## IV.

## CONCLUSION

The district court erred by not giving Hyer proper notice before it dismissed his claim based on his trial counsel's failure to file an appeal. Therefore, we remand this claim back to the district court. The district court did not err in concluding that Hyer was not entitled to an evidentiary hearing on his *Estrada* claim for failure to establish a prima facie case of ineffective assistance of counsel. Moreover, the district court did not err in denying his motion to reconsider wherein the failure to timely respond to the notice of intent to dismiss did not occur due to inadvertence or excusable neglect. Accordingly, we affirm in part, reverse in part, and remand for further proceedings.

Chief Judge LANSING and Judge MELANSON, **CONCUR**.

7