IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37206

| | | |
|---|---|---|
| ERNESTO GARZA LOPEZ, | ) | 2011 Unpublished Opinion No. 383 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: March 11, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

Order summarily dismissing application for post-conviction relief, affirmed.

Molly J. Huskey, State Appellate Public Defender; Heather M. Carlson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Ernesto Garza Lopez appeals from the district court's order summarily dismissing his application for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Lopez pled guilty to felony domestic battery. I.C. §§ 18-903(b) and 18-918(2)(a)-(b). Lopez was sentenced to a unified term of ten years, with a minimum term of six years. Subsequently, Lopez filed an application for post-conviction relief pursuant to I.C. §§ 19-4901 to 19-4911. In his application Lopez asserted six grounds for relief, but only Lopez's fifth and sixth claims are at issue in this appeal. Lopez's fifth claim alleged ineffective assistance of counsel because his trial counsel coerced his guilty plea which resulted in Lopez being denied the right to confront his accuser. Lopez's sixth claim alleged that his trial attorney was ineffective for failing to correct errors in the presentence investigation report that was relied on

1

at sentencing. In response to Lopez's application for post-conviction relief, the state filed an answer, a motion for summary dismissal, and a memorandum in support of its motion. The state's motion and memorandum generally addressed Lopez's ineffective assistance of counsel claims, but it did not specifically address Lopez's fifth and sixth claims. At a status hearing, the district court ordered the state to address Lopez's fifth and sixth claims, but the state never did so. Eventually a hearing was held on the state's motion for summary dismissal. The district court issued a memorandum decision and order dismissing all of Lopez's claims. Lopez appeals.

## II.

## STANDARD OF REVIEW

An application for post-conviction relief initiates a proceeding that is civil in nature. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). An application for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code Section 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19-4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. A claim for post-conviction relief will be subject to summary dismissal if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof. *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal is

2

permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). In post-conviction actions, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008).

### III.

### ANALYSIS

On appeal, Lopez argues that the district court erred in summarily dismissing his application for post-conviction relief. Specifically, Lopez argues that the district court erred when it summarily dismissed his fifth and sixth claims because the state did not provide him with notice as required by I.C. § 19-4906(b). Lopez asserts that the state's failure to specifically address his fifth and sixth arguments constituted no notice. Lopez also argues that the district court erred when it summarily dismissed his fifth and sixth claims because the district court entered its dismissal on grounds other than those alleged by the state but did not provide twenty days' notice as required by I.C. § 19-4906(c).

Idaho Code Section 19-4906(b)-(c) provides that notice must be given to an applicant prior to summary dismissal of an application for post-conviction relief. The notice procedures contained in I.C. § 19-4906(b)-(c) provide an applicant an opportunity to respond to a motion for summary dismissal and to establish a material issue of fact if one exists. *Flores v. State*, 128

Idaho 476, 478, 915 P.2d 38, 40 (Ct. App. 1996). Pursuant to I.C. § 19-4906(b), the district court may sua sponte dismiss an applicant's post-conviction claims if the court provides the applicant with notice of its intent to do so, the ground or grounds upon which the claim is to be dismissed, and twenty days for the applicant to respond. Pursuant to I.C. § 19-4906(c), the district court may dismiss an applicant's post-conviction claims on the motion of either party. If the state files and serves a properly supported motion to dismiss, further notice from the court is ordinarily unnecessary. *Martinez v. State*, 126 Idaho 813, 817, 892 P.2d 488, 492 (Ct. App. 1995). The reason that subsection (b), but not subsection (c), requires a twenty-day notice by the court of intent to dismiss is that, under subsection (c), the "motion itself serves as notice that summary dismissal is being sought." *Saykhamchone v. State,* 127 Idaho 319, 322, 900 P.2d 795, 798 (1995).

**A.     Claim under I.C. § 19-4906(c)**

Lopez argues that the state's motion for summary dismissal did not provide proper notice pursuant to I.C. § 19-4906(c). The notice requirement of I.C. § 19-4906(c) is met if "the notice is sufficient that the other party cannot assert surprise or prejudice." *DeRushé*, 146 Idaho at 601, 200 P.3d at 1150. Because a post-conviction proceeding is governed by the Idaho Rules of Civil Procedure, a motion for summary dismissal must, pursuant to I.R.C.P 7(b)(1), state the grounds for dismissal with particularity. *Id*. at 601, 200 P.3d at 1150. For example, to prevail on an ineffective assistance of counsel claim, a defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). Reasonable particularity only requires pointing out that there is a lack of evidence showing deficient performance or prejudice. *See DeRushé*, 146 Idaho at 601-02, 200 P.3d at 1150-51. It "does not require explaining what further evidence is necessary" to substantiate an applicant's claim. *Id.* at 602, 200 P.3d at 1151. If an applicant believes the grounds for dismissal alleged by the state in its motion for summary dismissal are insufficient, he or she must object in the court below. *Kelly v. State*, 149 Idaho 517, 522 n.1, 236 P.3d 1277, 1282 n.1 (2010). An applicant for post-conviction relief cannot challenge the sufficiency of the state's grounds for dismissal for the first time on appeal. *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151. However, an applicant may assert for the first time on appeal that his or her post-conviction claims were dismissed without any notice at all. *Kelly*, 149 Idaho at 522, 236 P.3d at 1282.

4

Here, the fifth and sixth claims of Lopez's application for post-conviction relief alleged ineffective assistance of counsel. The state's motion for summary dismissal stated that Lopez's ineffective assistance of counsel claims failed to raise a genuine issue of material fact regarding both deficient performance and resulting prejudice. In its memorandum in support of its motion for summary dismissal, the state provided the legal standards governing ineffective assistance of counsel claims, noting that an applicant must prove both deficient performance and prejudice. The state then went on to address Lopez's first four claims in separate paragraphs. The state did not, however, separately address Lopez's fifth and sixth claims.

Lopez argues that, because the state's motion and memorandum in support of summary dismissal did not address his fifth and sixth claims with specificity, he received no notice under I.C. § 19-4906(c). Lopez's argument on appeal, however, is properly characterized as asserting insufficient notice rather than no notice. The state's motion and memorandum identified two grounds for dismissal--failure to set forth an issue of material fact with regard to deficient performance and failure to set forth an issue of material fact with regard to prejudice. The motion set forth these two grounds for dismissal, and Lopez cannot claim that there was no notice of the grounds on which his fifth and sixth ineffective assistance of counsel claims would be dismissed. Although the state did not address Lopez's fifth and sixth claims in separate paragraphs, that does not demonstrate Lopez did not receive any notice at all. The separate paragraphs would have served only to further particularize the grounds for dismissal. As noted in *DeRushé*, reasonable particularity only required the state to point out there was a lack of evidence showing deficient performance or prejudice. It does not require that the state explain precisely what evidence was lacking. The record demonstrates that the state's motion and memorandum provided Lopez with notice of the grounds on which his ineffective assistance of counsel claim would be dismissed irrespective of whether that notice was sufficient. This Court will not engage in a sufficiency of notice analysis under the guise of considering whether an applicant was provided no notice all. *Kelly*, 149 Idaho at 522, 236 P.3d at 1282. The record demonstrates that Lopez was represented by counsel during his post-conviction proceedings, but his counsel did not object to the sufficiency of the state's notice in the court below. Under *DeRushé*, Lopez is precluded from asserting insufficient notice for the first time on appeal. Therefore, we decline to address this argument on appeal.

5

**B.      Claim under I.C. § 19-4906(b)**

Lopez also argues that the district court erred in dismissing his fifth and sixth claims without providing twenty days' notice pursuant to I.C. § 19-4906(b). Specifically, Lopez asserts that, because the district court dismissed his application for post-conviction relief on grounds different than those asserted by the state, the district court was required, pursuant to I.C. § 19-4906(b) to provide him with twenty days' notice. Where "the state has filed a motion for summary disposition, but the court dismisses the application on grounds different from those asserted in the state's motion, it does so on its own initiative and the court must provide twenty days notice." *Saykhamchone,* 127 Idaho at 322, 900 P.2d at 798. If the district court dismisses on grounds not contained in the state's motion, the applicant has no opportunity to respond and attempt to establish a material issue of fact. *See Garza v. State*, 139 Idaho 533, 537, 82 P.3d 445, 449 (2003).

The Idaho Supreme Court recently held that, when a district court summarily dismisses a post-conviction application relying in part on the same grounds presented by the state in its motion for summary dismissal, the notice requirement has been met. *Kelly*, 149 Idaho at 523, 236 P.3d at 1283. Kelly argued that the district court erred in dismissing his application for post-conviction relief because the state's motion for summary dismissal contained no notice of the grounds on which his claim was dismissed and the district court dismissed several of his claims on grounds entirely different than the grounds argued by the state. The state's motion sought dismissal on the grounds that there was no evidentiary basis to support Kelly's claims and the state supported its conclusion citing extensively from Idaho law. *Id*. at 522, 236 P.3d at 1282. The district court considered Kelly's application under several grounds not raised by the state, but it also dismissed Kelly's claims on the ground that Kelly did not provide facts sufficient to support his claims. On appeal, the Idaho Supreme Court held that Kelly was afforded sufficient notice because, when a trial court summarily dismisses an application for post-conviction relief based in part on the arguments presented by the state, the notice requirements of I.C. § 19-4906(b) are satisfied. *Id*. at 523, 236 P.3d at 1283.

As noted above, the state's motion and memorandum identified two grounds for dismissal--failure to set forth an issue of material fact with regard to deficient performance and failure to set forth an issue of material fact with regard to prejudice. The district court's order dismissing Lopez's post-conviction claims stated the legal standard regarding ineffective

6

assistance of counsel claims and also stated, in general terms, that Lopez's ineffective assistance of counsel claims did not raise a genuine issue of material fact. The district court also specifically addressed Lopez's fifth and sixth claims in separate paragraphs. The district court found Lopez's fifth and sixth claims did not raise a genuine issue of material fact because Lopez failed to set forth any facts or admissible evidence to support his allegations. Although the district court stated some grounds for dismissal which were not specifically mentioned in the state's motion, it dismissed Lopez's claims at least in part because, as alleged by the state, he failed to raise a genuine issue of material fact. Thus, the record demonstrates that the district court based its dismissal, in part, on grounds set forth by the state's motion for summary dismissal. Therefore, we hold that the district court did not err in failing to give Lopez twenty days' notice of its intent to dismiss his post-conviction claims.

## IV.
## CONCLUSION

Lopez's claim that the state's motion for summary dismissal failed to provide him with any notice is more properly characterized as a claim of insufficient notice. Lopez failed to raise the issue of insufficient notice in the court below, and we decline to address it on appeal. The district court did not err in summarily dismissing Lopez's application for post-conviction relief without providing twenty days' notice because the district court based its dismissal, in part, on the grounds set forth by the state in its motion for summary dismissal. Accordingly, the district court's order summarily dismissing Lopez's application for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**