59 P.3d 971

**MAGNUSON PROPERTIES PARTNERSHIP, an Idaho General Partnership, Plaintiff–Appellant–Cross Respondent,**

v.

**CITY OF COEUR D'ALENE, an Idaho Municipality, Defendant–Respondent–Cross Appellant.**

**No. 28392.**

Supreme Court of Idaho, Coeur d'Alene, October 2002 Term.

Nov. 26, 2002.

John F. Magnuson, Coeur d'Alene, for plaintiff-appellant-cross respondent.

Quane Smith, Coeur d'Alene, for defendant-respondent-cross appellant. Michael L. Haman argued.

## ON REVIEW

KIDWELL, Justice.

Magnuson Properties Partnership (Magnuson) filed suit against the City of Coeur d'Alene (City). The district court granted summary judgment in favor of the City because Magnuson failed to file notice of its claim as required by the Idaho Tort Claims Act (ITCA). This Court affirms the judgment of the district court.

### I.

### FACTS AND PROCEDURAL BACKGROUND

Magnuson owned undeveloped property within the City that it wished to develop. In early 1995, Magnuson approached the City with a plan to subdivide its property into three separate commercial lots. The plan called for installation of a sewer line. As a condition of approval, the City required Magnuson to extend the sewer line from its property to an adjoining parcel owned by a third party. Magnuson objected to this requirement because the extension increased the cost of the project but provided no benefit to Magnuson. According to Magnuson, a city engineer stated that the City would reimburse Magnuson for the additional cost associated with the extension. Magnuson asserts it acted in reliance on this representation in extending the sewer line as the City required.

On May 10, 1996, at the direction of Magnuson, the general contractor, Shea Construction (Shea), submitted a statement of reimbursable costs to the City. Shea itemized the extra costs attributable to the extension, totaling $30,802, and requested the City pay Magnuson that amount. The City's Public Works Director responded to Shea's request on August 13, 1996. The City denied the existence of any agreement between the City and Magnuson and denied the request for reimbursement. The City acknowledged its policy of requiring property owners to extend sewer lines to the farthest boundary of their property when installing a sewer line. However, the City asserted it only reimburses property owners for costs associated with enlarging the size of sewer pipe and deeper excavation. The City maintained that Magnuson incurred no reimbursable costs in extending its sewer line.

Magnuson claims that after August 13, 1996, it repeatedly attempted to contact the City in order to discuss its request for reimbursement. The City met with Magnuson on November 7, 1996. City representatives re-

iterated their denial of Magnuson's claim for reimbursement at this meeting. On November 11, 1996, Magnuson paid Shea the balance it owed on the project, $30,802. Magnuson filed notice of a claim against the City on February 18, 1997.

Obtaining no response to this notice, Magnuson filed suit on October 16, 1998, alleging tort, contract, and equitable claims against the City. The district court entered default in favor of Magnuson against the City on November 24, 1998. On December 18, 1998, upon the City's motion, the district court set aside the entry of default and allowed the City to answer. The City then filed a motion for summary judgment on the ground Magnuson's claim was barred by I.C. §§ 50–219 and 6–906, which require filing notice of a claim against a municipality within 180 days from when the claim arises. The district court granted summary judgment in favor of the City. Magnuson appealed the district court's decision to set aside the entry of default and summary judgment and the City cross-appealed the district court's order denying the City's request for attorney fees. The Court of Appeals upheld the district court's order to set aside entry of default but reversed the summary judgment and remanded the case for further proceedings. *Magnuson Props. P'ship v. City of Coeur d'Alene*, 2002 WL 13783 (Ct.App.2002). The Court of Appeals found its reversal of summary judgment rendered the City's cross-appeal moot. *Id.* The City now seeks, and this Court has granted, review of the Court of Appeal's decision.

## II.

## STANDARD OF REVIEW

When a case is on review from the Court of Appeals, this Court hears the matter as if it is on appeal from the district court rather than review the Court of Appeal's decision. *Leavitt v. Swain*, 133 Idaho 624, 627, 991 P.2d 349, 352 (1999). This Court gives due regard, but not deference, to the decision of the Court of Appeals. *Id.*

Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c) (2002). In a motion for summary judgment, this Court should liberally construe all facts in favor of the nonmoving party and draw all reasonable inferences from the facts in favor of the nonmoving party. *Northwest Bec–Corp v. Home Living Servs.*, 136 Idaho 835, 838–39, 41 P.3d 263, 266–67 (2002). Summary judgment must be denied if reasonable persons could reach differing conclusions or draw conflicting inferences from the evidence presented. *Id.*

On appeal, this Court exercises free review over questions of law. *Brooks v. Logan*, 130 Idaho 574, 576, 944 P.2d 709, 711 (1997).

## III.

## ANALYSIS

### A. The Time For Filing Notice Of A Claim Under I.C. §§ 50–219 And 6–906 Began To Run When Magnuson Received The City's August 13, 1996 Letter Of Denial.

I.C. § 50–219 (2000) requires filing any claim for damages against a government entity as required by the ITCA. IDAHO CODE § 6–901 (2000). A claimant has one hundred eighty (180) days from the day they knew, or should have known, of the claim to provide notice of the claim to the government entity. IDAHO CODE § 6–906 (2000). This notice requirement applies equally to tort claims and claims for breach of contract. *Enterprise, Inc. v. Nampa City*, 96 Idaho 734, 737–38, 536 P.2d 729, 732–33 (1975); IDAHO CODE §§ 50–219 and 6–906 (2002).

The 180–day notice period begins to run at the occurrence of a wrongful act, even if the extent of damages is not known or is unpredictable at the time. *Ralphs v. City of Spirit Lake*, 98 Idaho 225, 227, 560 P.2d 1315, 1317 (1977). "Knowledge of facts which would put a reasonably prudent person on inquiry," triggers the 180–day period. *McQuillen v. City of Ammon*, 113 Idaho 719, 722, 747 P.2d 741, 744 (1987). Compliance

with the notice requirement is a "mandatory condition precedent to bringing suit [against a city], the failure of which is fatal to a claim, no matter how legitimate." *Id.* A claimant is not required to know all the facts and details of a claim because such a prerequisite would allow a claimant to delay completion of their investigation before triggering the notice requirement. *Mitchell v. Bingham Mem'l. Hosp.*, 130 Idaho 420, 423, 942 P.2d 544, 547 (1997).

The record reflects that, at the very latest, Magnuson had knowledge of the City's August 13, 1996 letter on August 15, 1996, which places Magnuson's February 18, 1997 notice beyond the 180–day period. The City's letter denies the existence of any agreement between the City and Magnuson and rejects Magnuson's request for reimbursement. As of August 15, 1996, a reasonable and prudent person would have knowledge of facts of a wrongful act, i.e., the City's denial of and/or breach of the alleged contract. Therefore, the 180–day notice period began on August 15, 1996, and Magnuson failed to provide timely notice of its claim.

Arguably, Magnuson's May 10, 1996 letter asking for reimbursement was a notice of a claim for purposes of the ITCA. However, because this argument was raised for the first time on appeal, this Court will not consider it. *Whitted v. Canyon County Bd. of Com'rs*, 137 Idaho 118, 121–22, 44 P.3d 1173, 1176–77 (2002).

**B. This Court Will Not Consider When The Time For Filing Notice Of A Claim Under the ITCA Begins To Run For A Claim Of Unjust Enrichment.**

Magnuson argues the ITCA's notice requirement does not apply to its equitable claims. To raise an issue on appeal, the record must contain an adverse ruling to form the basis for assignment of error and this Court will not consider or review an issue raised for the first time on appeal. *Whitted*, 137 Idaho at 121–22, 44 P.3d at 1176–77. Magnuson failed to raise the issue of whether I.C. § 50–219 applied to its equitable claims in the district court. As a result, this Court declines to decide Magnuson's argument that its claim for unjust en-

richment is not governed by the 180–day notice provision found in I.C. § 6–906.

Even if Magnuson had properly raised the issue, this Court has construed I.C. § 50–219 to require a claimant to file notice of all claims for damages against a government entity, tort or otherwise, as directed by the ITCA. *Sweitzer v. Dean*, 118 Idaho 568, 572, 798 P.2d 27, 31 (1990).

**C. The City Is Not Entitled To An Award Of Attorney Fees.**

A court may award reasonable attorney fees to a prevailing party when it is provided for by statute or by contract. I.R.C.P. 54(e)(1) (2002). A party must assert a specific statutory or common law rule upon which this Court may base an award of attorney fees. *Bingham v. Montane Res. Assocs.*, 133 Idaho 420, 424, 987 P.2d 1035, 1039 (1999). The City has failed to provide a basis for this Court to award fees. Therefore, the City's request for fees is denied.

**IV.**

**CONCLUSION**

The City's August 13, 1996 letter triggered the 180–day period to file notice of a claim against a city as required by the Idaho Tort Claims Act. As a result, the district court did not err in granting summary judgment to the City on the ground Magnuson failed to file notice of a claim with the City within 180 days from the date it gained knowledge of its claim. Therefore, the district court is affirmed. The City is not entitled to an award of attorney fees because it failed to provide any basis for such an award. Costs to respondent.

Chief Justice TROUT and Justices SCHROEDER, WALTERS, and EISMANN concur.

WALTERS, J., Specially Concurring.

I write only to address a minor point that may appear as an anomaly in this case. It relates to the steps taken by Magnuson to bring its damage claim to the courts.

The purpose of the notice requirement under the ITCA is to give a governmental entity—here, the City of Coeur d'Alene—an opportunity to investigate a potential claim so the City could decide whether it is responsible for the debt and should pay the claim either in full or by some agreeable amount in settlement, or to reject the claim and let the claimant proceed with a legal action for collection. The letter from Magnuson's agent, Shea, on May 10, 1996, served that purpose. If, after review, the City had paid or settled the claim, then this case would not have proceeded through the courts. Under I.C. § 6–909, the City had ninety days to notify the claimant in writing of its approval or denial of the claim. Pursuant to the statute, a claim shall be deemed denied if at the end of the ninety-day period the City has failed to approve or deny the claim. Here, the City denied the claim on August 13, 1996, some ninety-five days after May 10. The City's reason for rejecting the claim is irrelevant. At that point, in my opinion, Magnuson was free to file an action to collect on the rejected claim. Magnuson did not need to later send in a second claim addressing the same dispute when that claim had already been denied by operation of the terms of the pertinent statute and by the City's rejection in fact.

However, Magnuson chose not to rely on the May 10 letter as a notice of claim. Instead, Magnuson continued to pursue discussions with the City in an attempt to receive reimbursement for its project's costs. When Magnuson's attempts proved futile, Magnuson sent another demand notice in February 1997, and then filed suit when that demand was rejected. As it turned out, of course, the February 1997 notice of claim was held untimely by the district court upon the facts as presented and argued by the parties in this case.

The Court's opinion in this case correctly notes that Magnuson did not contend in the district court that the May 10 letter had the effect of a notice of claim under the ITCA. Indeed, even at oral argument on this appeal when the subject was broached, Magnuson took the position that the May 10 letter did not serve as a notice to the City of Magnuson's claim.

Because Magnuson decided to proceed under its own interpretation of the steps to be followed without suggesting to the courts the correct alternative route, this Court is not required to reconstruct the case and put it on the proper track. Accordingly, I concur with the approach expressed in the Court's opinion concerning the role the May 10 letter legally played in this case.

EISMANN, J. concurs.