118 P.3d 107

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Richard D. PARKER, Defendant–Appellant.**

**No. 31416.**

Supreme Court of Idaho,
Boise, April 2005 Term.

July 21, 2005.

McDermott, Zollinger, Pocatello, for appellant. Keith A. Zollinger argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Carol L. Chaffee, Deputy Attorney General argued.

BURDICK, Justice.

## NATURE OF THE CASE

This Court granted review in this case to determine the maximum sentence authorized by statute for the misdemeanor crime of inattentive driving. The maximum penalty for the misdemeanor crime of inattentive driving is imprisonment in a county jail for six months.[1] We affirm the judgment of conviction and sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

Richard D. Parker was charged with reckless driving, but at trial a jury acquitted him of that charge, finding him guilty of the lesser offense of inattentive driving. The maximum penalty authorized by I.C. § 49–1401(2) for a first time offense of reckless driving is 90 days in jail. Idaho Code § 49–1401 does not prescribe any specific sentence for inattentive driving, but provides that it is a lesser offense than "reckless driving." Idaho Code § 18–113 provides for the maximum punishment for a misdemeanor unless otherwise prescribed in the code. Pursuant to I.C. § 18–113, the magistrate judge imposed a $300 fine, a sentence of 180 days in jail, with 87 days suspended, and two years probation. Parker appealed to the district court, and it affirmed Parker's judgment of conviction and sentence.

Parker appealed the district court's decision and the case was assigned to the Court of Appeals. Parker argued that the maximum penalty for inattentive driving must be no more than the more serious offense, reckless driving. The Court of Appeals held that I.C. § 49–1401 was ambiguous and in order to avoid absurd or unreasonable results it concluded the legislature could not have intended that inattentive driving would carry a greater potential punishment than reckless driving. The Court of Appeals reversed Parker's sentence because it exceeded the statutory maximum.

The State filed a petition asking this Court to review the decision of the Court of Appeals. This Court granted review as to the sole issue of whether I.C. § 49–1401 limits the penalty for inattentive driving to the 90–day penalty established by that statute for reckless driving.

---

1. Idaho Code § 49–1401 was amended effective July 1, 2005, and now establishes that the maximum punishment for inattentive driving is 90 days in jail and a fine of $300.

## STANDARD OF REVIEW

■ This Court exercises free review over interpretation of a statute. *State v. Yager*, 139 Idaho 680, 689, 85 P.3d 656, 665 (2004). The primary function in interpreting a statute is to give effect to the legislative intent. *Garza v. State*, 139 Idaho 533, 536, 82 P.3d 445, 448 (2003). We begin with the literal words of the statute and give those words their plain, usual, and ordinary meaning. *City of Sandpoint v. Sandpoint Independent Highway Dist.*, 139 Idaho 65, 69, 72 P.3d 905, 909 (2003).

■ When a case is on review from the Court of Appeals, we hear the matter as if it is on appeal from the trial court. *Magnuson Properties Partnership v. City of Coeur D'Alene*, 138 Idaho 166, 169, 59 P.3d 971, 974 (2002). This Court gives due regard, but not deference, to the decision of the Court of Appeals. *Id.*

## ANALYSIS

■ The State argues the magistrate judge imposed a proper and legal sentence. Although I.C. § 49–1401 does not prescribe the punishment for inattentive driving, I.C. § 18–113 defines the penalty for any misdemeanor not specifically authorized by statute. Therefore, the State asserts that the plain language of the two statutes is clear and the crime of inattentive driving is punishable by 180 days in jail. Furthermore, the State contends the Idaho Supreme Court has already determined that a lesser offense may incur a greater penalty than the more serious offense. *See State v. Goodrick*, 102 Idaho 811, 814, 641 P.2d 998, 1001 (1982).

The crimes of reckless driving and inattentive driving are both stated in I.C. § 49–1401. The statute provides:

(1) Any person who drives or is in actual physical control of any vehicle upon a highway, or upon public or private property open to public use, carelessly and heedlessly or without due caution and circumspection, and at a speed or in a manner as to endanger or be likely to endanger any person or property, or who passes when there is a line in his lane indicating a sight distance restriction, shall be guilty of reckless driving and upon conviction shall be punished as provided in subsection (2) of this section.

(2) Every person convicted of reckless driving under this section shall be punished by imprisonment in the county or municipal jail for a period of not less than five (5) days nor more than ninety (90) days, or by a fine of not less than twenty-five dollars ($25.00) nor more than three hundred dollars ($300), or by both fine and imprisonment. On a second or subsequent conviction shall be punished by imprisonment for not less than ten (10) days nor more than six (6) months, or by a fine of not less than fifty dollars ($50.00) nor more than three hundred dollars ($300), or by both fine and imprisonment. The department shall suspend the driver's license or privileges of any such person as provided in section 49–326, Idaho Code.

(3) Inattentive driving shall be considered a lesser offense than reckless driving and shall be applicable in those circumstances where the conduct of the operator has been inattentive, careless or imprudent, in light of the circumstances then existing, rather than heedless or wanton, or in those cases where the danger to persons or property by the motor vehicle operator's conduct is slight.

I.C. § 49–1401. The legislature declared inattentive driving to be a lesser offense of reckless driving. The same statute establishes the penalty for the reckless driving, but is silent as to the penalty for inattentive driving. The maximum penalty for reckless driving is 90 days in jail for a first offense and six months for the second or more offense.

Idaho Code § 18–113 provides:

(1) Except in cases where a different punishment is prescribed in this code, every offense declared to be a misdemeanor, is punishable by imprisonment in a county jail not exceeding six (6) months, or by a fine not exceeding three hundred dollars ($300), or by both.

(2) In addition to any other punishment prescribed for misdemeanors in specific statutes of the Idaho Code, the court may

also impose a fine of up to three hundred dollars ($300). This paragraph shall not apply if the specific misdemeanor statute provides for the imposition of a fine.

By the plain language of I.C. §§ 49–1401 and 18–113, although inattentive driving is a lesser offense, it has the potential for a longer jail sentence. It cannot be overlooked that there are other civil repercussions to a conviction of reckless driving, including a license suspension, which do not attach to a conviction for inattentive driving nor does inattentive driving have a mandatory minimum jail sentence or fine.

The legislative history of the two offenses helps clarify the different punishments for each crime. When originally enacted, the statute now codified as I.C. § 49–1401 provided for the crimes of reckless driving and negligent driving. Ch. 273, § 55, 1953 Idaho Sess. Laws 478, 497–98. The penalty for reckless driving was a fine of $25 to $300 and/or a jail sentence of five to ninety days for the first conviction and a fine of $50 to $300 and/or a jail sentence of ten days to six months for a second or subsequent conviction. *Id.* at 497. The statute also required, as a penalty, a mandatory driver's license suspension of thirty days for the first conviction, ninety days for the second conviction, and one year for the third conviction. *Id.* The penalty for negligent driving was the same as the penalty for reckless driving "except that the suspension of his driver's license shall be left to the discretion of the judge." *Id.* at 498. Thus, negligent driving was a lesser offense because it did not require a mandatory driver's license suspension.

In 1969, the legislature amended the statute (former I.C. § 49–1103) to replace the crime of "negligent driving" with the crime of "inattentive driving," but the penalty for the "lesser offense" of inattentive driving remained the same as the penalty had been for negligent driving. Ch. 458, § 4, 1969 Idaho Sess. Laws 1269, 1275–77. Thus, inattentive driving was a lesser offense than reckless driving because it did not require a mandatory driver's license suspension.

In 1976 the legislature changed the penalty for inattentive driving, declaring that a person who committed that crime "is guilty of a misdemeanor as provided in section 49–1104 Idaho Code." Ch. 201, § 2, 1976 Idaho Sess. Laws 726, 727. At the time of the 1976 amendment, the penalty provided by I.C. § 49–1104 was a fine of up to $100 for the first conviction, a fine of up to $200 for the second conviction within one year, and a fine of up to $300 and/or thirty days in jail for the third or subsequent conviction within one year. Ch. 79, § 2, 1973 Idaho Sess. Laws 126, 128.

In 1980, the legislature amended former I.C. § 49–1104 by deleting the graduated penalties specified in that code section. Ch. 382, § 1, 1980 Idaho Sess. Laws 970, 971. As a result of that amendment, the statute simply declared that a violation was a misdemeanor. *Id.* At that time, I.C. § 18–113 provided that the punishment for a misdemeanor, unless otherwise specified, was a fine of up to $300 and/or six months in jail. Ch. 336, § 1, 1972 Idaho Sess. Laws 844, 848.

When I.C. § 49–1104 was amended in 1980 to increase the penalty, former I.C. § 49–1103(c) still provided that any person who committed the crime of inattentive driving "is guilty of a misdemeanor as provided in section 49–1104, Idaho Code." Ch. 165, § 2, 1980 Idaho Sess. Laws 353, 356. Thus, in 1980 the maximum sentence for a first conviction of reckless driving was a $300 fine and ninety days in jail, plus a thirty-day driver's license suspension. Ch. 201, § 2, 1976 Idaho Sess. Laws 726, 726–27; Ch. 458, § 3, 1969 Idaho Sess. Laws 1269, 1273–74 The maximum penalty for inattentive driving was a $300 fine and six months in jail, with no driver's license suspension. The legislature did not amend that portion of former I.C. § 49–1103(c) stating that inattentive driving was "a lesser offense than reckless driving."

In 1988, former I.C. § 49–1103 was amended and recodified as I.C. § 49–1401. Ch. 265, § 337, 1988 Idaho Sess. Laws 549, 744–745. The amendment did not remove the statement that inattentive driving "shall be considered a lesser offense than reckless driving."

The language declaring that inattentive driving "shall be considered a lesser offense

than reckless driving" has been in the statute since it was first enacted in 1953. At that time, inattentive driving (then labeled "negligent driving") was a lesser offense than reckless driving because it did not provide for a mandatory driver's license suspension. During the ensuing years, the legislature has amended the statute to increase the maximum penalty for inattentive driving. Now, the maximum fine and jail sentence for the first offense of inattentive driving exceeds the maximum fine and jail sentence for the first offense of reckless driving. Only reckless driving still carries a driver's license suspension.

While increasing the maximum penalty for inattentive driving, the legislature has not modified the language stating that inattentive driving "shall be considered a lesser offense than reckless driving." It is clear from the legislative history, however, that the legislature did not intend that such phrase should limit the maximum fine and jail sentence for inattentive driving to something less than the maximum fine and jail sentence for a first conviction of reckless driving.

We find nothing ambiguous about the two statutes. We assume the legislature has full knowledge of existing judicial decisions and our caselaw. *George W. Watkins Family v. Messenger*, 118 Idaho 537, 540, 797 P.2d 1385, 1387 (1990). In *State v. Goodrick*, this Court upheld a greater sentence for an assumed lesser offense and determined that the Eighth Amendment to the United States Constitution does not require proportionality or prohibit a greater penalty for a lesser-included offense. 102 Idaho 811, 814, 641 P.2d 998, 1001 (1982). Since the disparity first occurred in 1976 the legislature has revisited this statute four times and has made no changes to the sentence disparity. Therefore, it is the prerogative of the legislature to assign the arguably greater penalty to inattentive driving, while simultaneously acknowledging it as a lesser offense.

Parker's judgment of conviction and sentence is affirmed.

Justices TROUT, EISMANN and JONES concur.

Chief Justice SCHROEDER dissenting.

I respectfully dissent. History and logic can explain many anomalies, but it cannot explain away clear language that has no need for further explanation than the language itself. Idaho Code Section 49-1401 provides that it is a lesser offense than reckless driving. Determining that the lesser offense can carry a jail sentence of twice the magnitude of the greater offense defeats the purpose of the legislative declaration. The Court of Appeals got it right.