W. JONES, J.,
dissenting in Part II B.
I respectfully dissent in the result, specifically Part II B of the majority Opinion. For that reason, I find it unnecessary to reach the constitutional issue discussed in Part II A.
Smith failed to raise any constitutional challenges to the VSP statutes for the district court or this Court’s consideration.
Smith contends that this issue was properly preserved for appeal when counsel addressed the constitutionality of the statutes and regulations in closing arguments. I find that this issue was not properly raised below, and is therefore, not properly preserved for appeal. The district court found that Smith had improperly raised any constitutional challenges to the VSP statutes and regulations, by failing to raise them prior to closing arguments at the evidentiary hearing. That ruling was not in error. The trial court held that Smith had affirmatively waived his right to challenge the constitutionality and validity of the statutes by failing to raise the issue for argument or briefing.
Constitutional rights, including the right to due process, may be waived if such waiver is affirmatively demonstrated. Glengary-Gamlin Protective Ass’n, Inc. v. Bird, 106 Idaho 84, 90, 675 P.2d 344, 350 (Ct.App.1983) (citations omitted). “The matter of directing and controlling the trial of a cause, including the arguments of counsel, to a great extent lies with the sound discretion of the presiding trial judge.” Kerby v. Oregon Short Line R. Co., 45 Idaho 636, 651, 264 P. 377, 381 (1928). The trial court, on several occasions asked Smith’s counsel directly if she had the information necessary to conduct an evidentiary hearing contesting the Board’s designation. On every occasion, Smith’s counsel answered in the affirmative. Additionally, the trial court asked Smith’s counsel if she was making a challenge to the statutes on any constitutional grounds, either facially or as applied. Smith’s counsel responded that at that time she had not made any challenges to the statute. It was not until closing arguments, in response to a question from the bench, that Smith’s counsel entered into a diatribe of constitutional challenges to the statute and regulations, both facially and as applied to Smith. The trial court found these arguments to be untimely.[13] It is fundamental that this Court will not consider issues not raised in the court below and raised for the first time on appeal. This rule applies particularly to constitutional issues. See Buff *841 ington v. Potlatch Corp., 125 Idaho 837, 875 P.2d 934 (1994); West v. El Paso Products Co., 122 Idaho 133, 832 P.2d 306 (1992). It has been stated that
Ordinarily the appellate court will not consider constitutional questions not raised in the court below. Also, it has been said that the rule that an issue cannot be raised for the first time on appeal applies with particular force to constitutional issues or a claim that a statute is unconstitutional. Furthermore, in order to preserve the issue for appellate review, the constitutional issue must not only have been presented to the trial court, but the trial court must have ruled thereon.
4 C.J.S. Appeal and Error § 300 (2008).
This Court has also stated that “[t]o raise an issue on appeal, the record must contain an adverse ruling to form the basis for assignment of error and this Court will not consider or review an issue raised for the first time on appeal.” Magnuson Properties Partnership v. City of Coeur D’Alene, 138 Idaho 166, 170, 59 P.3d 971, 975 (2002). This Court has also stated that “[i]t is well established that in order for an issue to be raised on appeal, the record must reveal an adverse ruling which forms the basis for an assignment of error. Hence, issues not raised below but raised for the first time on appeal will not be considered or reviewed.” Whitted v. Canyon County Board of Commissioners, 137 Idaho 118, 121, 44 P.3d 1173, 1176 (2002) (internal citation omitted). In the present case, Smith’s counsel affirmatively stated that she was not making any constitutional challenge to the statute, either facially or as applied. Then in the final minutes of her closing argument made nothing more than a broad-sweeping statement that the statutory scheme for the SOCB was unconstitutional as a denial of “due process pursuant to Article 1, and § 13 ... of the Idaho Constitution, and further under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, by failing to provide adequate notice and standards by which a person can be informed of consequences for their conduct.” The constitutionality issue was never briefed by the parties or presented to the district court for consideration or decision and the State had no reasonable opportunity to counter any constitutional arguments. Indeed, there really were no constitutional arguments, since Smith’s counsel did nothing more than recite various constitutional provisions; there was no explanation as to how these statutes allegedly violated the constitution or any authority to support such a proposition. Under such circumstances, the district court was entirely correct in ruling that the arguments were untimely and absent any argument, citation of authority, briefing or a decision by the district court on the constitutional issues, such issues are not preserved for appeal and review by this Court. Therefore, I respectfully dissent in the majority’s conclusion.
The trial court did not err when it found that Smith had affirmatively waived all challenges on due process grounds to the statutes and regulations. Smith’s haphazard constitutional challenge to the statute in closing arguments did not afford the state an opportunity to respond, nor did it provide the lower court with briefing on the matter. Smith improperly raised this issue below, and the trial court did not err when it held the issue waived. I would affirm the lower court and find that this issue was not properly raised below and therefore, the issue is not preserved for appeal to this Court.
Smith was not denied due process of law when the district court reviewed the Board’s determination of the VSP classification.
Smith argues that the procedures employed by the Board, where all records are sealed and not subject to review by counsel, violates his due process rights. I fully agree with the majority that the constitutionality of this statutory scheme is questionable. However, I cannot agree that Smith was denied due process of law. At all relevant times during proceedings at the district court level, Smith was given all access to any information that he requested. The State correctly asserts that this issue is not subject to appellate review because there was no adverse ruling below. At no point did Smith request information which was in the sealed file, and at no point did the district court deny Smith access to the information which existed in the *842 file. Each party was supplied with a detailed list of the documents that the Board relied on in making the classification that Smith was a VSP. Although neither party was supplied with a copy of the psychosexual evaluation, it was in the Board’s file and available for review under the district court’s offer.[14] When the district court asked counsel if they required any additional information, they both responded that they had the information necessary to proceed on the matter. At no point was Smith denied access to the information contained in the Board’s file, nor did Smith request additional information that was not in his possession.[15] I cannot agree with the majority’s finding that refuses to recognize the district court’s offer at face value; an offer was made to allow the parties access to the file which neither party accepted. It is inappropriate to suggest that the district court would renege on its offer, and without an adverse ruling on the matter the majority engages in nothing more than a guessing game of what would have occurred at the district court level. I find this issue inappropriate for appellate review because there was no adverse ruling from the lower court.
Although I am sympathetic to the due process analysis made by the majority and I fully agree that the statutory scheme is questionable as to its constitutionality, I am also mindful that this case is not one which is appropriate for judicial review. The ultimate reality is that despite constitutional infirmities in the statutes, Smith was not affected or prejudiced by them because the district court did not apply them in his case. The majority questions whether the district court’s offer constituted a willingness to disregard the nondisclosure provisions of the Act. However, even if such doubt exists, it does not create an adverse ruling from which this Court may affirmatively state that Smith was denied access to these materials. The district court’s statements, at minimum, show a willingness to disclose. The key point being, Smith did not request disclosure. I cannot speculate how the district court would have reacted in light of such a request; therefore, it is inappropriate for this Court to assume that despite the indicated willingness to disclose, the district court would have ultimately refused disclosure.
For the foregoing reasons, I would affirm the decision of the district court.
Chief Justice EISMANN CONCURS in the dissent.

. The majority does not address Smith's failure to timely raise any constitutional challenges. I find that Smith's failure to timely raise any constitutional challenges prior to closing arguments waives any challenges to the statutory framework. It was within the discretion of the trial court to dictate the issues presented at trial and narrow the scope of counsel’s presentation. The trial court did not act outside of the bounds of discretion when it held that Smith's counsel failed to timely raise this constitutional challenge. Whether an issue is untimely raised is within the discretion of the trial court. If the trial court exercises its discretion and does not address the issue, then that issue should not be addressed by this Court for the first time on appeal.

. As noted in the majority, the psychosexual evaluation is specifically listed by the district court as a document in the court’s possession. Unlike the conclusion of the majority, I find no evidence to indicate that Smith’s counsel was unaware that the psychosexual evaluation for the statutory rape case did not refer to the 2005 psychosexual evaluation prior to Smith’s release on the statutory rape charges. The statutory scheme specifically requires a psychosexual evaluation upon release. Additionally, Smith’s counsel conducted a lengthy examination of Smith about information revealed to the technician conducting the psychosexual evaluation in preparation for the classification board. Smith’s counsel had knowledge that a psychosexual evaluation was conducted in 2005, and that the district court had a copy of the psychosexual evaluation in connection with the statutory rape case. I cannot agree with the majority that the district court inadvertently misled Smith's counsel as to what psychosexual evaluation was in the sealed file.

. Further, at no point in time has Smith indicated or alleged that he was prepared to present any of the evidence contained in the file to refute the designation as a VSP.