# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 36672

PETER RENZO, dba S.A.B.R.E. FOUNDATION, INC. )
)
)    **Boise, August 2010 Term**
Plaintiff-Appellant, )
)    **2010 Opinion No. 103**
v. )
)    **Filed: October 5, 2010**
IDAHO STATE DEPARTMENT OF AGRICULTURE, )
)    **Stephen W. Kenyon, Clerk**
)
Defendant-Respondent. )
_____ )

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

The decision of the district court granting summary judgment to defendant is affirmed.

Nick L. Nielson, Pocatello, attorney for appellant.

Hopkins Roden Crockett Hansen & Hoopes, PLLC, Idaho Falls, for respondents. Timothy Hopkins argued.

_____

W. JONES, Justice

## I.    FACTS AND PROCEDURAL HISTORY

This lawsuit stems from an attempt by Peter Renzo, who was doing business as S.A.B.R.E. Foundation, Inc. ("S.A.B.R.E."), to bring Siberian tigers and other big cats (herein cumulatively referred to as "tigers") into the State of Idaho. The Foundation is allegedly dedicated to repopulating Siberian tigers and educating the general public about them.

In 2007, Renzo sought to bring the tigers into Idaho. S.A.B.R.E. had a facility in Nevada, but needed to find a new location because their premises were being sold. Renzo had allegedly obtained investors and sought to construct a fifty-acre tiger habitat, a residence, a restaurant, a veterinary hospital, and a sixty-room hotel. The project was expected to cost $8,000,000.

There are two separate permits at issue in this case, a possession permit and a propagation permit. Renzo applied for the former, a deleterious exotic animal possession permit, with the Idaho State Department of Agriculture (the "Department") on October 9, 2007. While Renzo thereafter requested the issuance of a propagation permit, no application for a propagation permit was ever filed.

On October 17, 2007, Dr. Greg Ledbetter, the Administrator of the Division of Animal Industries of the Department, wrote a letter to Renzo regarding the possession permit, clearly stating that all tigers had to be spayed or neutered before the possession application could be approved. The letter was not a denial of the possession permit but rather, it was essentially a conditional grant. It contained conditions that had to be satisfied for the permit to be issued, namely, that the tigers be spayed and neutered. It stated:

> Before ISDA can finalize your application, the following conditions must be met: . . . 2) Provide documentation from an accredited veterinarian that all female tigers proposed to be moved into Idaho have been spayed prior to shipment. 3) Provide documentation from an accredited veterinarian that all male tigers proposed to be moved into Idaho have been neutered prior to shipment.

On November 2, 2007, Renzo's attorney, Nick Nielson, sent a letter to Dr. Ledbetter which acknowledged the October 17 letter's requirement that the tigers be spayed or neutered, stating that "[i]t is my understanding from your October 17 letter that the S.A.B.R.E. Foundation must spay and/or neuter all of its tigers prior to shipment." The November 2 letter also acknowledged that Becky Harris, Renzo's administrative assistant, had engaged in a conversation with Dr. Ledbetter some time before the letter was written in which Dr. Ledbetter "indicated that breeding permits were only given to zoos." Mr. Nielson's letter confirmed that Renzo had knowledge that "[w]hen asked if [Dr. Ledbetter] would provide a denial of the request for a breeding permit in writing, [Dr. Ledbetter] indicated that the October 17 letter was sufficient and there was no need for further discussion." On November 16, 2007, Dr. Ledbetter sent a letter to Mr. Nielson that acknowledged "[t]he State of Idaho will not issue a Propagation Permit to your client." However, a propagation permit was never correctly applied for by Renzo, and therefore there was never an actual denial of a propagation permit application but rather only a statement of intent to deny any such permit.

On December 14, 2007, Renzo filed a petition for judicial review challenging the Department's decision to require sterilization of the tigers and the Department's refusal to issue a

propagation permit. On April 24, 2008, the district court issued an order and judgment that the decision of the Department be set aside in its entirety and that the Department "shall, within a reasonable amount of time, adopt criteria and/or rules for which possession and propagation permits are issued and apply these rules and criteria fairly to Petitioner's application." The court based its ruling upon the finding that the Department's "decision was made in the absence of any specific criteria promulgated by the Department for awarding propagation permits." The court also found that the Department's decision exceeded statutory authority, was made upon unlawful procedure, was arbitrary and capricious, and prejudiced Renzo's substantial rights.

Renzo filed a notice of tort claim on May 14, 2008, and a complaint on October 6, 2008. In his complaint, Renzo prayed for monetary damages claiming that the Department breached its duty to exercise ordinary care by refusing to grant possession and propagation permits without a basis in law or fact. Renzo also claimed that the Department acted maliciously and/or recklessly, willfully and wantonly, and/or with gross negligence. Lastly, Renzo claimed that the Department intentionally interfered with his prospective economic advantage. The Department filed a motion to dismiss on January 6, 2009, which the court converted into a motion for summary judgment. On May 27, 2009, the district court entered an order granting summary judgment in favor of the Department. The court entered a final judgment that same day. Renzo filed a notice of appeal with this Court on July 7, 2009.

## II.     ISSUES ON APPEAL

1.      Whether Renzo's notice of tort claim was untimely under I.C. § 6-905.

2.      Whether Renzo raised a material issue of fact concerning the malice requirement under I.C. § 6-904(1).

3.      Whether the Department is entitled to immunity under I.C. § 6-904B(3).

4.      Whether Renzo failed to raise an issue of material fact regarding the claim of intentional interference with a prospective economic advantage.

5.      Whether the Department owed a duty to Renzo because of the economic loss rule.

6.      Whether the decision of the district court was contrary to federal law.

7.      Whether the Department is entitled to attorney fees and costs on appeal under I.C. § 6-918A.

## III.     STANDARD OF REVIEW

The standard of review on appeal from summary judgment is the same standard as that used by the district court in ruling on the motion for summary judgment. *Sorensen v. Saint*

*Alphonsus Reg'l Med. Ctr., Inc.*, 141 Idaho 754, 758, 118 P.3d 86, 90 (2005) (citing *Tolley v. THI Co.*, 140 Idaho 253, 259, 92 P.3d 503, 509 (2004)). Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). The facts are to be liberally construed in favor of the non-moving party. *Sorensen*, 141 Idaho at 758, 118 P.3d at 90 (citing *Tolley*, 140 Idaho at 259, 92 P.3d at 509).

## IV. ANALYSIS

**A.    Renzo's Notice of Tort Claim Was Untimely Under Idaho Code § 6-905.**

The district court found that Renzo's notice of tort claim was untimely and that therefore summary judgment for the Department was proper. Tort claims against government entities and their employees are covered by the Idaho Tort Claims Act (ITCA), I.C. §§ 6-901 to 6-929. Idaho Code § 6-905 provides:

> All claims against the state arising under the provisions of this act and all claims against an employee of the state for any act or omission of the employee within the course or scope of his employment shall be presented to and filed with the secretary of state within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later.

A claimant is not required to know all the facts and details of a claim to have notice. *Mitchell v. Bingham Mem'l Hosp.*, 130 Idaho 420, 423, 942 P.2d 544, 547 (1997). "Knowledge of facts which would put a reasonably prudent person on inquiry" triggers the 180 day period. *McQuillen v. City of Ammon*, 113 Idaho 719, 722, 747 P.2d 741, 744 (1987).

When finding the claim to be untimely, the district court drew analogies between this case and *Magnuson Properties Partnership v. City of Coeur d'Alene*, 138 Idaho 166, 169–70, 59 P.3d 971, 974–75 (2002). In doing so, the court found that Renzo had been put on notice on October 17, 2007, when he received a letter indicating that the tigers must be spayed or neutered before a permit would be granted. The district court took note of the fact that the Department sent a second letter on November 16, 2007, but found that letter to simply reiterate the Department's original position made clear on October 17.

Renzo claims that the notice of tort claim was timely as it was submitted within 180 days of November 16, 2007, the date Renzo contends he was put on notice. Renzo argues that *Magnuson Properties Partnership* is distinguishable from this case and is not controlling. Unlike *Magnuson Properties Partnership*, where the plaintiff received an unequivocal denial of

4

a single request, Renzo contends that there were two separate requests and denials in this case. The Department's letter dated October 17, 2007, Renzo contends, was a denial in direct response to Renzo's application for a possession permit. Renzo asserts that because he did not inquire about a propagation permit until he received the Department's letter requiring that the tigers be spayed or neutered on October 17, 2007, he did not have knowledge of the potential denial of that permit at that time. Renzo contends that he did not receive knowledge of the "denial" of the propagation permit until November 16, 2007, when the Department provided a written letter reiterating that a propagation permit would not be issued. Renzo states that it is therefore unreasonable to find that he knew about the wrongful denial of the propagation permit on October 17, 2007, before the permit was requested.

We affirm the finding of the district court that Renzo's notice of tort claim was untimely. Renzo had knowledge of facts by October 17, 2007 that would put a reasonably prudent person on notice that a possession permit for the tigers would not be granted without satisfaction of the conditions stated in the October 17, 2007 letter, including that the tigers be spayed and neutered. Moreover, since it is axiomatic that sterilized tigers cannot propagate, Renzo clearly had knowledge by October 17, 2007, or at the latest by November 2, 2007, that he would not get a propagation permit, even though he had not at that time even applied for such a permit. Since he did not file the notice of tort claim until May 14, 2008, at least 194 days later, his notice was clearly not timely.

*Magnuson Properties Partnership* demonstrates how the timeliness requirement in I.C. § 6-905 is to be applied. In *Magnuson Properties Partnership*, the plaintiff, a general contractor, submitted a statement of reimbursable costs to the local municipality for work he had performed. 138 Idaho at 168, 59 P.3d at 973. Though the plaintiff alleged that a city official had told him that he would be reimbursed, on May 13, 1996, the city sent a letter denying the existence of any agreement and denying the reimbursement request. *Id.* On November 11, 1996, after repeated attempts to obtain reimbursement, the municipality reiterated its position. *Id.* at 167–68, 59 P.3d at 973–74. After a claim was brought for the wrongful denial of the reimbursement request, this Court found that the city's letter dated May 13, 1996, would have given a reasonable and prudent person knowledge of facts of the alleged wrongful act. *Id.* at 170, 59 P.3d at 975. This Court found that consequently the plaintiff's notice of claim dated February 18, 1997, was untimely because it was not filed within the 180 day statutorily prescribed period. *Id.*

In this case, like in *Magnuson Properties Partnership*, the letter of October 17 and the letter of November 2 each provided Renzo with knowledge of the alleged wrongful acts that would put a reasonably prudent person on notice. The Department's October 17, 2007 letter required that the tigers be spayed or neutered in order to receive a possession permit, and put Renzo on notice that the possession permit would not be granted unless that condition was met. Renzo was not willing to spay or neuter his tigers. Because Renzo never applied for a propagation permit, the October 17 letter was not a denial of a propagation permit, however, the letter would certainly put a reasonably prudent person on notice that a propagation permit would not be issued to Renzo, as it would be impossible for tigers to propagate once sterilized. Again, Renzo was not willing to spay or neuter the tigers.

The November 2 letter further indicates that Renzo had notice. Renzo's attorney Mr. Nielson acknowledges in the letter that Renzo's assistant, Becky Harris, had spoken with Dr. Ledbetter, and that Renzo understood that "breeding permits were only given to zoos" and that "[w]hen asked if [Dr. Ledbetter] would provide a denial of the request for a breeding permit in writing, [Dr. Ledbetter] indicated that the October 17 letter was sufficient and there was no need for further discussion." It is clear that Renzo's assistant Becky Harris spoke with Ledbetter at some point before November 2, and that she communicated the information to Renzo. Thus, because Becky Harris and Renzo knew at least by November 2 that no permit would be issued unless the tigers were spayed and neutered, Renzo had notice by that time of the alleged wrongful act.

Further, like in *Magnuson Properties Partnership*, the letter dated November 16, 2007, simply reiterated the Department's earlier position that the tigers must be spayed or neutered before any possession permit was issued. The November 16 letter's statement that "[t]he State of Idaho will not issue a Propagation Permit to your client" simply confirmed what Renzo was already on notice of by November 2 at the latest, that the requirement that the tigers be spayed or neutered would prevent the issuance of any propagation permit. Therefore, because Renzo's notice of claim was filed over 180 days from the latest possible date of notice, November 2, it was untimely, and we affirm the decision of the district court to grant summary judgment to the Department on these grounds.

Because the issue of timeliness is dispositive, we do not reach the remaining issues raised on appeal.

6

**B.** **We Decline to Award Attorney Fees on Appeal to the Department Under Idaho Code § 6-918A.**

The Department claims that it should be awarded attorney fees and costs on appeal under I.C. § 6-918A because Renzo simply asked this Court to second-guess the trial court's decision. To do so, the Department contends, was in bad faith.

This Court does not award attorney fees and costs to the Department pursuant to I.C. § 6-918A. Under that statute, attorney fees may be awarded upon "a showing, by clear and convincing evidence, that the party against whom or which such award is sought was guilty of bad faith in the commencement, conduct, maintenance or defense of the action." I.C. § 6-918A. "Bad faith is defined as dishonesty in belief or purpose." *Cordova v. Bonneville Cnty. Joint Sch. Dist. No. 93*, 144 Idaho 637, 643, 167 P.3d 774, 780 (2007) (citing *Cobbley v. Challis*, 143 Idaho 130, 135, 139 P.3d 732, 737 (2006)). The Department has not directed this Court to an instance of dishonesty in belief or purpose on the part of Renzo. Moreover, while Renzo may have asked this Court to second-guess the findings of the trial court, the Department has not provided authority or argument demonstrating how such action was dishonest or made in bad faith.

## V. CONCLUSION

For the foregoing reasons, this Court affirms the district court's finding that Renzo's notice of tort claim was untimely and thus affirms the grant of summary judgment in favor of the Department. This Court declines to award attorney fees on appeal to the Department under I.C. § 6-918A. Costs to the Department.

Chief Justice EISMANN, Justices BURDICK, J. JONES, and HORTON, **CONCUR.**