**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42513**

| | |
|---|---|
| **JESSE STEPHEN BARBER,** | ) **2016 Unpublished Opinion No. 413** |
| | ) |
| **Plaintiff-Appellant,** | ) **Filed: March 2, 2016** |
| | ) |
| v. | ) **Stephen W. Kenyon, Clerk** |
| | ) |
| **CITY OF IDAHO FALLS,** | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| **Defendant-Respondent.** | ) **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Judgment dismissing complaint, affirmed.

Jesse Stephen Barber, Boise, pro-se appellant.

Hall, Angell & Starnes, LLP; Blake G. Hall, Nathan R. Starnes, Idaho Falls, for respondent.

_____

HUSKEY, Judge

Jesse Stephen Barber appeals from the district court's judgment dismissing his complaint, arguing that summary judgment was inappropriate because he raised a genuine issue of material fact. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Officer Steele observed Barber through the window of Barber's mother's home. In his affidavit, Officer Steele testified that he knew Barber had been charged with possession of illegal drugs in the past and decided to talk to Barber. Officer Steele approached the home and knocked on the door. Officer Steele testified that when Barber opened the door, Steele immediately noticed the overwhelming smell of marijuana coming from the home. Officer Steele also testified that he observed that Barber's eyes were red and glassy.

Officer Steele testified that after smelling marijuana and observing Barber's eyes, he believed marijuana was being used in the home. Officer Steele asked if he could enter the home,

1

and Barber permitted him to enter. Barber, in his deposition, testified that he opened the door to Officer Steele, but never invited him into the home. Instead, Barber testified that Steel forced his way into Barber's mother's home.

Barber testified he told Officer Steele that Officer Steele was not allowed to come any further into the home and Barber needed to wake his mother who was sleeping downstairs. Barber testified that Officer Steele ignored Barber's request that Officer Steele stay at the front door and instead, followed Barber downstairs to his mother's room. Barber's mother then emerged from the basement. Officer Steele asked for permission to search the residence; Barber's mother did not consent. Officer Steele then arrested Barber for violating Idaho Code § 37-2732(d), frequenting a place where drugs are known to be used or sold.

Barber filed a claim under the Idaho Tort Claims Act against the City of Idaho Falls and Officer Steele (collectively respondents). Specifically, Barber alleged the intentional torts of false arrest and false imprisonment, Officer Steele acted with malice or criminal intent when he arrested and detained him, and that the City of Idaho Falls was negligent. Respondents filed a motion for summary judgment arguing they were immune to Barber's claims and the negligence claim should be dismissed. The district court granted the motion for summary judgment. Barber timely appeals.

## II.
## STANDARD OF REVIEW

We first note that summary judgment under Idaho Rules of Civil Procedure 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). When assessing a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint Sch. Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994).

The party moving for summary judgment initially carries the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of

law.  *Eliopulos v. Knox*, 123 Idaho 400, 404, 848 P.2d 984, 988 (Ct. App. 1992).  The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial.  *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994).  Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking.  *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000).  Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(f).  *Sanders*, 125 Idaho at 874, 876 P.2d at 156.

The United States Supreme Court, in interpreting Federal Rule of Civil Procedure 56(c), which is identical in all relevant aspects to I.R.C.P. 56(c), stated:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citations omitted).  The language and reasoning of *Celotex* have been adopted in Idaho.  *Dunnick*, 126 Idaho at 312, 882 P.2d at 479.

### III.

### ANALYSIS

Barber raises three arguments on appeal.  First, Barber argues that the district court improperly granted summary judgment in favor of Officer Steele because there was a genuine issue of material fact.  Second, Barber argues that the City of Idaho Falls does not have immunity with regard to Barber's claim of negligence.  Third, Barber claims that vital documents appropriately filed below were withheld from the record on appeal.  We disagree.

3

**A. Barber Failed to Overcome the Rebuttable Presumption that Officer Steele Acted Without Malice or Criminal Intent**

A governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent shall not be liable for any claim which arises out of false imprisonment or false arrest. I.C. § 6-904(3). Therefore, to succeed in a false arrest or false imprisonment claim, Barber must show that Officer Steele acted with malice or criminal intent.

Malice means "the intentional commission of a wrongful or unlawful act, without legal justification or excuse and with ill will, whether or not injury was intended." *Miller v. Idaho State Patrol*, 150 Idaho 856, 870, 252 P.3d 1274, 1288 (2011). Criminal intent "is satisfied if it is shown that the defendant knowingly performed the proscribed acts." *Id.* There is a rebuttable presumption that any fact or omission of an employee within the time and at the place of his employment is within the course and scope of his employment and without malice or criminal intent. I.C. § 6-903(5).

Here, Barber failed to present facts that overcome the rebuttable presumption that Officer Steele acted without malice or criminal intent. Barber presents several disputed facts that he believes are material. Barber claims that Officer Steele: entered the home without permission; lied about the presence of the odor of marijuana; lied about Barber smoking a cigarette in a police cruiser; lied about Barber being a drug dealer; and lied about Barber being a known drug user. Those facts primarily focus on whether Officer Steele had probable cause to arrest. Even considering those facts in the light most favorable to Barber, Barber has failed to rebut the presumption that Officer Steele acted without malice or criminal intent. Therefore, the district court properly granted summary judgment in favor of Officer Steele.

**B. Barber Failed to Allege Facts Demonstrating that the City of Idaho Falls was Negligent**

Barber argues that the City of Idaho Falls was negligent because the officers on the scene, including a superior officer, failed to prevent Officer Steele's alleged tortious conduct.

As stated above, a governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent shall not be liable for any claim which arises out of false imprisonment or false arrest. I.C. § 6-904(3). If an employee does act with malice or criminal intent, the governmental entity is immune under I.C. § 6-903(3); *see Herrera v. Conner*, 111 Idaho 1012, 1022, 729 P.2d 1075, 1085 (Ct. App.

4

1986).  Therefore, a governmental entity is absolutely immune from a claim arising out of false arrest or imprisonment.

However, Barber appears to argue, relying on *Doe v. Durtschi*, 110 Idaho 466, 716 P.2d 1238 (1986), that the government is not immune from a claim of negligence.  Although Barber's contention is correct, a plaintiff cannot merely point to a false arrest or false imprisonment and then claim, based simply on its occurrence, that the governmental entity was negligent in not preventing it.  *Id.* at 473, 716 P.2d at 1245.  To withstand dismissal, the plaintiff must allege sufficient facts which, if proven, would demonstrate that the governmental entity should have reasonably anticipated that one of their employees would commit an intentional tort.  *Id.*

Here, Barber's claim of negligence relies solely on his argument that the City of Idaho Falls did not prevent the alleged tortious conduct.  Barber failed to allege facts to show that the City of Idaho Falls should have reasonably anticipated that one of their employees would commit an intentional tort.  Therefore, the district court properly granted summary judgment on this claim.

## C.    The Record on Appeal is Complete

Barber argues that vital documents appropriately filed in the district court were withheld from the record on appeal, specifically a deposition transcript from the deposition of Barber. Barber had earlier tried to augment the record with the deposition.  However, that motion was denied because the deposition of Barber was not a document filed in the underlying district court case.  We are bound by the record and cannot consider matters or materials not part of or contained therein.  *State ex rel. Ohman v. Ivan H. Talbot Family Trust*, 120 Idaho 825, 827, 820 P.2d 695, 697 (1991).  Because the deposition was not part of the record below, we cannot consider it on appeal.

## D.    Attorney Fees on Appeal

Respondents seek attorney fees under I.C. § 6-918A.  Under the statute, attorney fees may be awarded upon "a showing, by clear and convincing evidence, that the party against whom or which such award is sought was guilty of bad faith in the commencement, conduct, maintenance or defense of the action."  I.C. § 6-918A.  Bad faith is defined as dishonesty in belief or purpose.  *Renzo v. Idaho State Dep't of Agric.*, 149 Idaho 777, 781, 241 P.3d 950, 954 (2010).  Although Barber did ask this Court to second-guess the findings of the trial court and seemingly misunderstood the summary judgment standard, respondents have failed to show by

clear and convincing evidence that such failings were dishonest or made in bad faith. Therefore, we award no attorney fees on appeal.

## IV.

## CONCLUSION

Based on the foregoing, we affirm the district court's judgment dismissing complaint. Costs, but not attorney fees, to respondents.

Judge GUTIERREZ and Judge GRATTON **CONCUR**.